## Commonwealth ex rel., Appellant, *v.* Connell et al.

*Municipalities—Cities of the second class—Removal of police-man—Approval of mayor—Second trial—Mandamus—Act of March 7, 1901, article III, section 1, P. L. 20.*

1. Where the mayor of a city of the second class has refused to approve the recommendation of a trial court that a policeman should be suspended for one month without pay, a second trial may be had on the same charge. and if the mayor approves a recommendation that the policeman be discharged, the courts will not reinstate him in mandamus proceedings.

2. The words in article III, section 1, of the Act of March 7, 1901, P. L. 20, which states that the finding of the trial court "shall be of no effect until approved by the mayor" must be construed to mean "no effect for any purpose whatever," and a disapproval of the first recommendation of the trial court makes the situation the same as if the proceeding had not in fact been brought.

Argued February 19, 1923. Appeal, No. 14, Jan. T., 1923, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1922, No. 877, quashing writ of mandamus, in case of Commonwealth ex rel. Henry Kleeman v. Alex. T. Connell, Mayor of Scranton, and Ezra H. Ripple, Director of Public Safety. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for writ of mandamus. Before MAXEY, J. The opinion of the Supreme Court states the facts. Writ quashed. Plaintiff appealed.

*Error assigned* was order, quoting it.

*A. A. Vosburg,* with him *J. J. Owens,* for appellant.— A particular remedy or power provided by statute, must be exclusively followed: Brown v. Com., 3 S. & R. 273; Com. v. Capp, 48 Pa. 53; Musselman's App., 65 Pa. 480; Hoard v. Wilcox, 47 Pa. 51; Westfield Borough v. Tioga Co., 150 Pa. 152.

*Philip V. Mattes,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 9, 1923:

Appellant petitioned for a writ of mandamus to compel his reinstatement as a police officer of the City of Scranton. The court below quashed the writ.

Relator was suspended from duty by the director of the department of public safety and notified to appear before a trial court duly chosen to answer charges preferred against him. After hearing, the board recommended that he be suspended for one month without pay. The mayor refused to approve the finding and a second hearing was held before a new trial court at which the same charges were preferred against relator who appeared and objected to the jurisdiction of the board to try him a second time for the same alleged offenses. The board proceeded with the hearing and as a result recommended that plaintiff be dismissed from his position as a police officer of the city, which finding was approved by the mayor.

Appellant contends the proceeding to remove police officers is clearly statutory and as the statute makes no provision for a second trial in event of the refusal of the mayor to approve the findings of the first board, no right to hold such trial existed and, consequently, his dismissal was illegal. This contention is based on article III, section 1, of Act of March 7, 1901, P. L. 20, which provides that no policeman or fireman shall be dismissed except after hearing before a trial court, the finding of which court "shall be of no effect until approved by the mayor." The construction appellant seeks to place upon this clause is a narrow one and not justified by the provisions of the act. Article VI, section 4, of the Constitution provides that appointed officers "may be removed at the pleasure of the power by which they shall have been appointed." By the Act of 1901 the legislature saw fit to prescribe the method for dismissal of policemen for cause and we have held the procedure thus prescribed must be strictly followed (Com. v. Black, 201 Pa. 433),

the municipality being without right to substitute for the prescribed procedure a different method of its own. However, we cannot read into the act language it does not contain. There is no provision to the effect that a mistrial or failure to complete a trial in accordance with procedure described should amount to an acquittal of the charge. On the contrary, the act specifically provides that the finding of the trial court shall have no effect until approved by the mayor. Until such approval has been made it must, therefore, remain an unfinished proceeding and if, for any reason, the mayor fails to give his approval the status of the parties remains the same as if no proceeding had been begun. Appellant, not being subjected to trial in a criminal proceeding, very properly does not contend that the rule which prevents a person being put in jeopardy twice for the same offense applies and we know of no legal reason why a second trial court should not pass upon the evidence submitted to it and make its recommendation to the mayor; certainly the act contains no such reason. The words "of no effect" must be construed to mean "no effect for any purpose whatever," accordingly the situation is the same as if the proceeding had not in fact been brought. Relator had been suspended from his position as policeman pending the investigation of the accusation against him. Until action should be taken in regard to the charges the suspension remained in effect and, consequently, it was to his interest to have the matter speedily determined and, upon failure of the mayor to approve the action of the first trial board, the logical procedure was to convene a new court, hold another hearing, and have the charges finally disposed of.

The order of the court below is affirmed at the costs of appellant.