Hill *v.* Alexander et al., Appellants.

Argued January 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*John R. Bentley,* Assistant City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellants.

*Benjamin L. Steinberg,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:

Appellee, Hill, sued out a writ of alternative mandamus to compel the Civil Service Commission of Pittsburgh and I. Hope Alexander, Director of the Department of Public Health of Pittsburgh, to reinstate him as Chief Clerk in the Bureau of Sanitation of the Department of Health.

Having been duly qualified therefor by examination, as provided by the Act of May 23, 1907, P. L. 206, the Civil Service Act relating to cities of the second class, and the rules and regulations of the Civil Service Commission of Pittsburgh, Hill was appointed chief clerk on June 1, 1923. The position was then classified under the Civil Service Laws as noncompetitive.

By letter dated April 22, 1938, appellant Alexander informed Hill of his dismissal as of the close of business on April 30, 1938. In justification of the action, Alexander relied upon a purported "minute" of the commission showing that at a special meeting on January 17, 1930, a resolution was proposed to amend the rules by adding to the exempt class, inter alia, all "Chief Clerks and Assistant Chief Clerks in the various bureaus and divisions of all Departments", and a "minute" showing that the resolution as proposed was adopted by the Commission on January 24, 1930.

Hill filed an Affidavit of Appeal to the Commission, as provided by law. The Commission sustained Alexander's dismissal of Hill, holding that "the change in classification of the position of Chief Clerk, Bureau of Sanitation, on January 24, 1930, was both actual and proper, and that it placed the Appellant Hill in the Exempt classification, which classification carries with it

no protection of tenure." Hence, the petition for alternative writ of mandamus.

The court below refused to quash the writ and, after trial, filed an opinion making extensive findings of fact and conclusions of law, and ordered that a writ of peremptory mandamus issue. This appeal followed.

The Act of 1907 divides the civil service of second-class cities into the unclassified service and the classified service. The unclassified service comprises elected officials, heads of departments whose appointment is subject to confirmation by the city council, persons appointed by name in any statute, and Civil Service Commission members. The classified service comprises all persons not included in the unclassified service, and the offices and positions comprising this service are in turn divided into four classes, designated as the exempt class, the competitive class, the noncompetitive class, and the labor class.

Persons whose positions fall within the competitive and noncompetitive classes cannot be removed, discharged or reduced in pay or position except for "just cause", and then only in accordance with the provisions of the act and the rules of the Commission made pursuant thereto. Persons whose positions are in the exempt and labor classes are not so protected; they are liable to be peremptorily removed at the will of the appointing official.

Section 12 of the act specifically provides that there shall be in the exempt class the positions of superintendent of police and detectives, chief of the fire department, one secretary and one confidential clerk to the mayor, and one confidential clerk to the director of each executive department, and then, in paragraph 3, provides: "In addition to the above, there may be included in the exempt class other offices or positions, except laborers, *for the filling of which competitive or noncompetitive examinations shall be found by the civil service commission to be impracticable.*"

In view of this provision of the Act of 1907, employees within the competitive and noncompetitive classifications necessarily hold such positions at the risk of having them transferred, by appropriate proceedings, to the exempt class. And, in passing upon such action on the part of the commission, the courts will not consider the wisdom of the act, but only the power of the actor and the method of its exercise: *Glesenkamp v. City of Pittsburgh,* 320 Pa. 219. Thus, if under the circumstances of the present case the power of the commission to transfer the position occupied by Hill to the exempt class is clear and if the statutorily prescribed method was complied with, the propriety of Hill's summary removal cannot be questioned; but if the power to make the transfer was lacking or if there was a failure on the part of the commission to proceed in the proper manner, then, in either event, such dismissal was unlawful.

Section 12 of the act does not give the commission power to transfer to the exempt class any and all positions classified as competitive and noncompetitive, but only those "for the filling of which competitive or noncompetitive examinations shall be found by the civil service commission to be impracticable". This provision requires a determination in good faith and for adequate reasons that the examination method is no longer a practicable method for ascertaining merit and fitness for the position sought to be transferred to the exempt classification. And, the requirement is a mandatory one. In *McCartney v. Johnston,* 326 Pa. 442, it was said, at page 446, that "So that the purpose [of the civil service laws] may be realized, the statutory provisions regulating appointments call for strict compliance with the terms of the acts". The effectuation of the purpose of the acts, which is avowedly to promote efficiency in the public service by requiring governmental employees to be selected on the basis of their qualifications and fitness ascertained in so far as practicable by competitive examinations and by protecting such employees from the

vagaries of changing administrations, just as clearly requires that the mandatory provisions regulating dismissals, and consequently the provisions relating to the transfer of positions from the protected classes to the exempt class, be strictly complied with by the commission.

The record in this case is utterly devoid of any indication that a reclassification of the position occupied by Hill was either necessary or desirable, and there is nothing in the proceedings of the commission relied upon by appellants showing any finding whatever was made with respect to the practicability or impracticability of the examination method for the filling of the position. Until such a finding has, in good faith, been made there has been no exercise of discretion in accordance with the act and the position could not become one of the "other offices or positions" within the power of the commission to transfer to the exempt class. As this Court pointed out in *Glesenkemp v. City of Pittsburgh*, supra, at page 222, "the act of the commission in making the transfer must be based on adequate reasons."

After providing in the language above set forth what positions may be transferred to the exempt classification, section 12 of the act then provides: "But no office or position shall be deemed to be in the exempt class, unless it is specifically named in such class in the rules; and the reason for each such exemption shall be stated, separately, in the annual reports of the said commission". The record shows that the position occupied by appellee was not named in such class in the rules of the commission, as required, until 1938. It also appears that no reasons for the exemption have ever been set forth in such annual reports as have been published by the commission.

Section 12 further provides that no office or position shall be transferred to the exempt class except after public hearing, at which interested parties may appear and be heard in opposition to the proposed transfer,

and that "suitable public notice" of such hearing shall be given. The court below found as a fact that no such notice was given, and this finding is sustained by the record. Proper notice having been omitted, it necessarily follows that no proper hearing has ever been held.

It is true that honesty of purpose and good faith in the performance of acts in their official capacity will be assumed by the courts on the part of persons holding responsible public positions, until the contrary clearly appears (*Truitt v. Philadelphia*, 221 Pa. 331, 342; *Commonwealth v. Philadelphia*, 232 Pa. 5, 12; *Glesenkamp v. City of Pittsburgh*, supra, 223), but manifestly this principle cannot aid appellants' case, for no amount of good faith and honesty of purpose on the part of the commissioners can render effective action which is abortive for failure to comply with the mandatory requirements of the law governing such action. Appellants were either ignorant of the relevant requirements of the civil service law or deliberately omitted to act in conformity therewith and in such cases no presumptions will be indulged in as to the propriety of their conduct: *Campbell v. Bellevue Borough School District*, 328 Pa. 197, 202, and cases there cited.

It is evident that the record sustains the conclusion of the court below that the proceedings of the commission were not in compliance with the mandatory requirements of the Act of 1907, and it necessarily follows that they were ineffective to transfer Hill's position to the exempt class. Therefore, this position remained in the noncompetitive class, protected by civil service, and his summary dismissal was illegal, as the court below properly held.

The decree of the court below awarding a writ of peremptory mandamus directing that Hill be reinstated as Chief Clerk in the Sanitary Bureau of the Department of Health and that he be paid his full salary from the date of dismissal to the date of reinstatement is affirmed. Costs to be paid by appellants.