## Geis's Appeal.

Argued March 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Charles B. Prichard,* with him *Charles D. Coll,* for appellant.

*Harry Savage,* with him *John R. Bently,* Assistant City Solicitors, and *Wm. Alvah Stewart,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE PARKER, April 14, 1941:

The question presented to the court in this cause is whether the employment of appellant in the Bureau of Fire of the City of Pittsburgh was legally terminated under applicable civil service laws.

Charles H. Geis, the appellant, was dismissed, for cause, from his position as a hoseman in the Bureau of Fire in the city of Pittsburgh on September 9, 1935, and was reinstated with the rank of substitute hoseman on February 1, 1940, pursuant to the provisions of the

Act of June 27, 1939, P. L. 1207 (53 PS § 9395.1, et seq.). When he accepted reinstatement he executed a written but undated resignation and delivered it to the Director,- Department of Public Safety. The city admits that the resignation was to be effective if and when the employee "again violated the rules of the Bureau of Fire concerning insobriety and unbecoming conduct incident thereto." On April 8, 1940, while off duty, he was arrested for drunkenness and on the following day the director, in writing, accepted the resignation and caused the name of appellant to be stricken from the roles of the Bureau of Fire.

Geis then appealed to the Civil Service Commission of the city of Pittsburgh and demanded a public hearing. The commission complied with his request, a hearing was afforded him, and representatives of the city were present and participated therein. The city relied alone upon the accepted resignation of appellant, while Geis insisted that the paper was a nullity and of no effect and that he could be discharged only by the method provided by statute, after written charges and a finding against him by a tribunal designated by the statute. The commission dismissed the appeal and approved the action of the director in accepting the resignation of Geis. An appeal was taken to the Court of Common Pleas of Allegheny County and that court affirmed the action of the commission. He has now appealed to this court. The sole question presented to us is the validity of the so-called written resignation.

By the Act of May 23, 1907, P. L. 206 (53 PS § 9361, et seq.), a Civil Service Commission was created and certain employees in cities of the second class were placed under civil service. That act was followed by the Act of June 27, 1939, supra, the declared purpose of which was that it, in connection with the Act of May 23, 1907, should furnish a complete and exclusive system "for the appointment, promotion, reduction, removal, suspension, and reinstatement of employes in the

competitive class, in bureaus of fire and of all fire alarm operators and fire alarm box inspectors in the bureaus of electricity, in cities of the second class." The two acts provide a system not only for the appointment and promotion of employees, but also for their tenure of office as firemen in the City of Pittsburgh. It is with the portion of the statutes dealing with tenure that we are concerned.

We are all of one mind in the conclusion that the alleged written resignation taken with the acceptance of the director was a nullity. The director could not adopt a method of his own for terminating employment as a substitute for that provided by the statute.

Employees in bureaus of fire (subject to certain exceptions with which we are not concerned) are placed in the competitive class of the civil service of such cities by the first section of the Act of 1939. The fourth section of the same act provides in part as follows (53 PS § 9395.4) : "Reinstatements as employes in said bureaus of fire . . . may be made without any restriction or restrictions as to time. No examination other than a physical examination, as directed by the Civil Service Commission, shall be required in any case of reinstatement." It follows that when an employee is reinstated he is entitled to the same rights as any other employee having an "absolute appointment," as that term is used in the Act of 1907.

The fundamental purpose of civil service acts is to regulate and improve civil service in the Commonwealth. The statutes with which we are concerned undertake to accomplish that purpose by establishing a system wherein employees in public service will be selected on the basis of their qualifications and fitness and whereby competent and faithful service will be rewarded by making the employees' tenure of office secure while they behave themselves well. It is intended that efficiency should be promoted by an assurance of continued employment, thereby serving the interests of employer and

employee. Such relations are not to be imperiled by reason of the politics or religion of the parties concerned: cf. *McCartney v. Johnston*, 326 Pa. 442, 446, 191 A. 121.

As part of the mechanics intended to accomplish the end desired, it was provided by § 5 of the Act of 1939 as follows (53 PS § 9395.5) : "No employe in the competitive class in any bureau of fire in any city of the second class shall be removed, discharged, or suspended for a period exceeding ten (10) days as a penalty, or reduced in rank or pay without his written consent, except for just cause which shall not be religious or political, nor in any event, except by the decision of a court, either of trial or inquiry, duly determined and certified in writing to the mayor, and approved in writing by the mayor." The section requires that charges with plain specifications be made by or lodged with the director of the department of public safety and provides for the composition of a court for the purpose of trial, "of which trial the accused shall have due notice, and at which he shall have the right to be present in person and also by a brother employe or an attorney at law to act as his counsel."

In the present case no charges were preferred against the appellant and no trial was held before the tribunal designated to conduct such proceeding. This is admitted, and the city relies alone upon the so-called resignation as a ground for dismissal. In order that the purposes of the acts may be realized, the statutory provisions regulating termination of employment call for strict compliance with the terms of the acts: *McCartney v. Johnston*, supra, p. 446. The legislature having seen fit to prescribe the method for dismissal of firemen for cause, that plan must be strictly followed and the municipality is without right to substitute for the prescribed procedure a different method of its own: *Com. v. Connell*, 277 Pa. 154, 155, 120 A. 780; *Hill v. Alexander*, 338 Pa. 26, 30, 11 A. 2d 884. It is clear that the

burden of proof was on the director to justify the discharge.

The appellee cannot excuse the disregard for the civil service laws by reference to the paper signed by Geis when he was reinstated. The effect of the procedure followed was to place the employee's tenure of employment in the same position as if there were no civil service laws. If that course could be legally pursued, it might be applied to many other situations in the civil service. The Act of 1939 furnished an exclusive method for terminating employment against the will of the employee and the director cannot substitute a method of his own. Even under the theory of the appellee, the paper was not to be effective unless there was an infraction of rule or law. It therefore became necessary to find that Geis had been guilty of conduct which warranted a dismissal. The act prescribed the tribunal that must pass upon his conduct. The course pursued violated the letter and spirit of civil service laws and, if upheld, would seriously weaken those statutes. When Geis was reinstated, he was entitled to hold his office the same as any other employee until his tenure was terminated by a proceeding in accordance with the statutes. It is explicit in those acts that he could not be discharged until charges were made against him, a hearing had, and a finding made warranting such action. That course was not pursued.

The subject of this appeal being a matter of public interest, we have disposed of it on its merits. There was not a sufficient record presented to us to warrant us in disposing of other matters that might be suggested, such as the power of the commission to pass upon the question raised, and that power has not been questioned by either party. We have therefore not given them consideration in arriving at our decision.

Order reversed at the costs of the City of Pittsburgh.