## Healey v. Jones et al.

42

·*Morris M. Arnovits* and *William P. Farrell* for plaintiff.

*Jerome I. Myers* and *Joseph V. Phillips*, for defendants.

EAGEN, J., April 15, 1942.—Petitioner, John Healey, seeks a writ of alternative mandamus directing his reinstatement to a position in the office of City Council of the City of Scranton. Defendants filed a motion asking that the writ be quashed. A motion to quash a writ of mandamus is the equivalent of a demurrer and admits all well-pleaded allegations: Bragg v. Swarthmore School District et al., 337 Pa. 363. The sole question for decision, therefore, is whether the averments, when liberally construed and taken as true, constitute a basis for granting relief. What then are the allegations of the petition in this case?

Petitioner on January 5, 1938, took an examination for the position of clerk in the office of the City Council, of the City of Scranton, given by the Civil Service Commission, received a grade in said examination of 98 percent and was duly certified to the city council for said position, which is one of the competitive class. On the same day, he was appointed to this position and served continuously therein until the year 1942. On January 5, 1942, he was then informed by the city council, verbally, through its chief clerk, that he was dismissed. On the same day certain members of the city council informed him that they regretted the necessity of his dismissal, that it was purely a question of politics and did not reflect on his ability or behavior in the position.

Petitioner protested his discharge and informed the members of the city council of his intention to seek re-

lief in the courts, if necessary. Each day he continued to report for work. ' On January 9, 1942, petitioner, through an attorney, protested in writing his discharge and asked for immediate reinstatement. This letter was referred to the city solicitor for opinion, and on January 22, 1942, he informed council in writing that petitioner's dismissal was illegal. On January 23, 1942, petitioner was handed an envelope in which was enclosed a letter from the council, informing him that he was suspended for a period of 10 days from that date, without pay, for reasons set forth in a statement of charges. This statement, included in the same envelope, charged petitioner with neglect in the performance of his duties, only one incident of carelessness being specified that occurred previous to January 5, 1942. Petitioner was paid his wages from January 5th to January 22nd. On January 26, 1942, he made answer to the above charges. On January 30, 1942, a communication from council notified him that he was dismissed. The following day he sent a letter to members of the Civil Service Commission, protesting his dismissal and requesting members of the commission to enforce the provisions of the Civil Service Act of March 5, 1906, P. L. 83. On February 9, 1942, the Civil Service Commission, in writing, notified petitioner that his dismissal was legal and proper.

No hearing was conducted on the alleged charges, nor was the subject given any opportunity to be heard before the council or members of the commission. Under such circumstances, does petitioner have a cause of action? It is alleged that the discharge was not for "just cause" and was based purely on political reasons.

The court is of the opinion that the motion to quash must be dismissed.

By virtue of the Act of March 9, 1927, P. L. 18, the City of Scranton became a city of the second class A, but is governed by the laws relating to the second class: Commonwealth ex rel. v. Davis et al., 126 Pa. Superior

Ct. 136. The Municipal Civil Service Commission of the City of Scranton is, therefore, governed by the Act of May 23, 1907, P. L. 206, 53 PS §9383. The fundamental purpose of this act is to regulate and improve civil service in the Commonwealth. It intends to accomplish that purpose by establishing a system whereby competent and faithful service will be rewarded by making employes' tenure of office secure while they behave themselves well. Legislation of a similar nature has been enacted by Congress and by nearly every State in the Union. It unquestionably has the approval of the best thought of our day. Section 20 of this act, referring to the dismissal of employes, says:

"No officer, clerk, or employe, in the competitive class or in the non-competitive class of the classified civil service of any city of the second class, who shall have been appointed under the provisions of this act, or of the rules made pursuant thereto, shall be removed, discharged, or reduced in pay or position except for just cause, which shall not be religious or political. Further, no such officer, clerk, or employe shall be removed, discharged, or reduced, except as provided in section 8 of this act, until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire."

That the provisions of the act regulating dismissals are mandatory and must be complied with by the commission cannot be questioned: Hill v. Alexander et al., 338 Pa. 26.

The pertinent problem is, therefore, did the Civil Service Commission obey these mandatory provisions in dismissing John Healey? We think not. In the first place, in view of the nature and circumstances of the allegations upon which his dismissal was based and his answer thereto, we feel the commission should

have proceeded into a fair and impartial hearing, giving him an opportunity to be heard. Counsel for defendants, in asking for the quashing of the writ, argue that he was not entitled to a hearing. While the act itself does not provide or say specifically that the commission shall conduct a hearing, we think that it was intended is the only reasonable conclusion where a full answer is made to the charges by the employe involved. Certainly, anyone accused of serious charges that involve his position should be given an opportunity to defend himself, and if the charges can be sustained by proper proof nothing is to be lost in such a hearing by those who wish his discharge.

In Raffel v. Pittsburgh et al., 340 Pa. 243, the Supreme Court held that in such a situation as we have here it is the duty of the court of common pleas to make an independent examination of the *record of the hearing* before the Civil Service Commission to determine whether or not the dismissal was in accordance with the law. How can we examine a record of a hearing that never took place? Again in the case of Commonwealth ex rel. v. Pittsburgh et al., 339 Pa. 173, which is very similar to the case at bar, involving the dismissal of a clerk in the bureau of building inspection of the department of public safety, the Supreme Court said at page 179:

". . . under Section 8 of the Civil Service Law of May 23, 1907, P. L. 206, he could not be dismissed except for 'just cause,' *and then only after a hearing* in the manner provided in Section 20 of that law." (Italics supplied.)

In Truitt v. Philadelphia, 221 Pa. 331, it was said that "just cause" must be a cause that is personal to the employe and such as to render him unfit for the position he occupied. The charges in this case as the record now stands do not bear out this standard. The complaint that he failed to perform the duties of the position after January 5th is without much weight.

The blame for this can be attributed to no one but the members of council themselves. There is only one other specified complaint of carelessness and we question whether or not this proves him unfit so as to warrant his discharge. We are of the opinion, therefore, that this case evidences a clear abuse of discretion in view of the charges and the circumstances of the dismissal, and indicates that the primary motive was to provide an available position for one more desired politically.

Counsel for defendants argue, and submit several authorities to sustain the proposition, that mandamus will never lie to compel a review of a decision of an administrative body invested with discretion. We believe that is clearly the law where the administrative body concerned has not abused its discretion and has acted in accordance with the mandatory provisions of the act, which is not the situation here. It is also submitted that the law assumes that persons holding responsible public positions act with honesty of purpose and in good faith in performance of the acts of their official capacity until the contrary clearly appears. This again does not apply where those in. authority fail to comply with mandatory requirements of the law governing the action.

". . . for no amount of good faith and honesty of purpose . . . can render effective action which is abortive . . .": Hill v. Alexander et al., 338 Pa. 26, 32.

Now, April 15, 1942, the rule to show cause why the writ of alternative mandamus should not be quashed is hereby discharged and the motion to quash is dismissed. Defendants are allowed 10 days from the date hereof to make a return to the writ.