Ciaccio *v.* Borough of Norristown.

Argued February 9, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul C. Vangrossi,* for appellant.

*Stephen G. Yusem,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE WILKINSON, March 8, 1972:

This is an appeal from the Order of the Court of Common Pleas of Montgomery County declaring the appointments of three police lieutenants null and void

and directing the Civil Service Commission of the Borough of Norristown to initiate anew the requisite procedures to fill the three vacancies. We must affirm.

In October of 1969, the Norristown Borough Council notified the Civil Service Commission of three vacancies in the Borough Police Department for the position of Lieutenant of Police. The Commission, as far as we can determine from the record, proceeded in good faith to solicit applications, to test all the applicants, and to certify those found qualified. However, regardless of their good faith and the presumption that as public officials they performed their duties with the proper procedure and exercise of good judgment, nevertheless, their own testimony, again apparently given frankly and candidly, establish that they did not meet the minimum requirements of their own Rules and Regulations. "It is true that honesty of purpose and good faith in the performance of acts in their official capacity will be assumed by the courts on the part of persons holding responsible public positions, until the contrary clearly appears . . ., but manifestly this principle cannot aid appellants' case, for no amount of good faith and honesty of purpose on the part of the [civil service] commissioners can render effective action which is abortive for failure to comply with the mandatory requirements of the law governing such action. Appellants were either ignorant of the relevant requirements of the civil service law or deliberately omitted to act in conformity therewith and in such cases no presumptions will be indulged in as to the propriety of their conduct: Campbell v. Bellevue Borough School District, 328 Pa. 197, 202, and cases there cited." *Hill v. Alexander et al.*, 338 Pa. 26, 32, 11 A. 2d 884 (1940).

Many errors were made by the Civil Service Commission, none of which are condoned but most of which had no direct adverse effect on the appellee or the other

applicants. For example, there can be no justification for not correctly marking the written examination papers where it is a multiple choice test. However, the errors made, when corrected, did not change the standing. The notice of the examination was not advertised as it should have been, but all persons who were eligible had actual notice. Some of the members of the Commission had not taken their oaths of office and the lower court's order properly directs this be done. Nevertheless, they were de facto Commissioners and their proper actions would have been effective.

Without pointing out all the errors as ably set forth in appellee's brief, and in many instances properly minimized in appellant's brief, there are at least three fundamental errors that require that the order of the lower court be carried forward.

The lower court found, and the testimony supports, that the physical examinations were so superficial in nature as not to meet the minimum requirements. While appellant is not correct when it is argued that an ordinary doctor cannot perform the kind of a mental test appropriate here without special psychiatric training, nevertheless, the medical examination for mental defect or disability must involve more than the question "How's everything going?" The doctor here testified that while the one-page physical examination chart, which provided spaces in which to place check marks to show that the examination of that area had been completed, was in fact not checked, it correctly reflected that no examination of that area had been made. Neither this court, the lower court, nor any other court would presume to tell a medical doctor how to conduct a physical examination. At the same time, any court, based on this record, would have to conclude that the admittedly superficial physical examination given here did not meet the minimum requirements.

The written examination was prepared by what would appear to this court to be a properly qualified person. Appellee complains that he "plagiarized" from other police examinations. In multiple choice examinations, the use of proven questions from other examinations is not only considered acceptable, but it is one of the best techniques. Nevertheless, the written examination failed to cover the subjects required by Section 306 of the Rules and Regulations of the Civil Service Commission of Norristown, adopted July 20, 1944. The examination did not cover the required subjects, such as local geography, because the man engaged to prepare it was not given a copy of Section 306 or informed of its contents. Under such circumstances, it would have been entirely a matter of chance if all the subject areas had been covered.

Finally, Section 308 specifically provides that the written and oral examination be conducted in the presence of no less than a majority of the Commission. Admittedly this was not done in this examination. This is not an idle provision. We can understand that the Commission may have trusted the examinees and may have felt that those remaining in charge of the examination were competent. Nevertheless, with such a duly adopted rule, approved by Borough Council on August 1, 1944, its mandate must be fulfilled.

The lower court properly pointed out that the time for reform is at hand. It might have added that it is unfortunate that these Civil Service Commissioners and these three appointees must be the ones whose appointments were the cause for the calling a halt to what appears to be many years of indifferent administration of the Civil Service Commission.

Order affirmed.