## Smith, Jr. v. Keim, et al.

Argued February 6, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Edward Stock,* for appellant.

*Jerome H. Harwitz,* with him *Silverman, Warden,
Harwitz & Clancy,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 30, 1973:

The issue here before us is whether Frank B. Smith,
an appointed police patrolman of Lower Moreland
Township for a probationary period, is entitled to a
hearing before the Township Civil Service Commission
to challenge his removal from the force.

Smith had been appointed a patrolman on April
22, 1969. This appointment was made for a six-month
probationary period under §640 of the First Class
Township Code,[1] as amended, 53 P.S. §55640: "All
original appointments to any position in the police
force . . . shall be for a probationary period of six
months, but during the probationary period an ap-

---

[1] Act of June 24, 1931, P. L. 1206, §640, as amended, 53 P.S.
§55640.

pointee may be dismissed only for a cause specified in section 637 of this subdivision. If at the close of a probationary period the conduct or fitness of the probationer has not been satisfactory to the township commissioners, the probationer shall be notified in writing that he will not receive a permanent appointment. Thereupon, his appointment shall cease; otherwise, his retention shall be equivalent to a permanent position."

At the end of that six-month period, appellant (Smith) was notified both orally and in writing that his appointment would not be made permanent and that as of that date he was off the rolls of the police department. Whereupon, he requested the Commissioners to extend his services for another six-month probationary period so that he may fully demonstrate his fitness.[2] In addition, he agreed that if at the end of that additional six-month probation he did not qualify for permanent tenure, he would resign. He also expressly waived whatever legal rights he may have had to serve on the force. He also acknowledged and signed a statement in which it was clearly stated that the Board of Commissioners would have all of the same legal rights at the end of the second six-month probationary period as they may have had as of the termination of the initial six-month probationary period.

Appellant served as a patrolman for the stated period and thereafter, specifically on May 15, 1970, he was notified that his performance was unsatisfactory and he would not receive a permanent appointment.

He then instituted an action in mandamus praying to have the Montgomery County Court of Common Pleas order the Township Civil Service Commission to afford him a hearing testing the validity of the action of the Commissioners. He contended that service of the

---

[2] This request was evidenced by a letter sent to the Commissioners dated November 18, 1969.

additional six months automatically by operation of the statute established his permanent status. This being so, he was subject to removal for cause only, to be ascertained by the Civil Service Commission after it heard evidence on the merits. The lower court disagreed with him and refused to issue the Writ. We affirm.

The uncontroverted evidence clearly demonstrates appellant's role in the events which brings him before us. It was he who sought grace time to prove his fitness. He voluntarily waived any right he might have in consideration of a second chance. He bargained for and obtained an unusual opportunity. In failing to succeed, he would now charge the Commissioners with the duty to restore him to a position for which he is not qualified based on self-assumed rights which he willingly gambled away.

We know that the Civil Service provisions regulating appointments must be complied with. *McCartney v. Johnston*, 326 Pa. 442, 191 A. 121 (1937). We also realize that the statutory provisions furnish an exclusive method for terminating employment against the will of the employee which must be strictly followed, and a municipality and its officers cannot substitute their own method in place of the prescribed procedure. *Geis' Appeal*, 341 Pa. 413, 19 A. 2d 368 (1941). This means that, in general, civil service laws cannot be obviated by agreement. *Geis, supra.*

Notwithstanding appellant's waiver, there is no basis for us to conclude that the Commissioners did substitute another appointment method for the statutory requirement. The Commissioners permitted the initial probationary period, they found that the appellant had not demonstrated his fitness and they notified him of their unhappy conclusion. Subsequently perhaps because they had second thoughts, they granted him another probationary period at the end of which they could exercise their rights to execute final judgment.

As we see it, this section of the First Class Township Code is intended to prevent a situation where someone is appointed with probationary status and nothing is ever done about it. The result is that the appointee remains in limbo without his status crystallizing one way or the other. Here, the Commissioners commendably moved to remove the limbo aura by agreeing to give him another chance to prove his qualification. The statute does not allow this procedure.

In *Geis, supra,* at 416, 19 A. 2d at 369, Justice PARKER said that the Civil Service Acts were enacted in order to establish a "system wherein employees in public service will be selected on the basis of their qualifications and fitness. . . ." Here the appellant would have us contradict that manifest purpose.

We believe that our holding here will not engender opportunities for townships to avoid the mandates of the statute. The unique characteristics of this case limit our result.

In any event, Smith has not demonstrated a clear right to a permanent appointment and hence to a right to a hearing, therefore it was proper for the court below to refuse to issue that extraordinary writ. *See Mullen v. Dubois Area School District,* 436 Pa. 211, 259 A. 2d 877 (1969).

Affirmed.