Eugene Mahofski, Appellant *v.* City of Pittsburgh, Appellee.

Argued October 13, 1975, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Bryan Campbell,* with him *Peter J. Mansmann,* and *Mansmann, Beggy & Campbell,* for appellant.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 13, 1976:

Eugene Mahofski (Appellant) appeals an order of the Court of Common Pleas of Allegheny County[1] which dismissed his complaint and granted defendant's motion for summary judgment.

Appellant was employed by the City of Pittsburgh (Pittsburgh) as a police officer. In 1967, the Public Safety Director wrote a letter to Pittsburgh's police officers who were enrolled in police science courses commending them for their dedication. In the letter, he referred to scholarship funds which were going to be made available by local industry and to a bill in the General Assembly which would provide automatic promotions to the rank of senior police officer for all who would be awarded the degree of Associate of Arts in Police Science. Moreover, the annual budget proposal for the Bureau of Police included provisions for the ranks of senior police officer and detective second-grade, a classification especially created for officers who received the police science degree.

After Appellant earned the degree, he applied for classification as detective second-grade. Funds were available for the promotional pay raise but Appellant failed to take the procedural steps required by the Policemen's

---

1. April 28, 1975, No. 1312, July Term 1973. RALPH H. SMITH, JR., J.

Civil Service Act (Act), Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. §23531 et seq.

When his application was rejected, Appellant brought an action in assumpsit against Pittsburgh seeking money damages equal to the difference between the pay of a detective second-grade and his present pay as a fourth-year police officer. Preliminary objections in the nature of a demurrer were dismissed by the court below. At the close of the pleadings, Pittsburgh filed a motion for summary judgment which was granted. We affirm.

Appellant contends that Pittsburgh *offered* a promotion to the rank of detective second-grade to all police officers who earned a police science degree. He argues that in reliance thereon he completed his degree requirements. Pittsburgh argues that there is neither statutory authority for the Public Safety Director's "offer" nor does the Policemen's Civil Service Act permit promotions upon the successful completion of the Police Science course.

The issue before us is whether a police officer, who is awarded a Police Science degree, is entitled to a promotion to detective second-grade because of a purported offer of promotion by the Public Safety Director and the allocation of necessary funds where promotion procedures set forth in the Policemen's Civil Service Act have been ignored.

Pa.R.C.P. No. 1035 provides that summary judgment may be granted only where the moving party shows that there is no genuine issue as to any material fact and where the record, viewed most favorably to the non-moving party, discloses that the moving party is entitled to judgment as a matter of law. *Commonwealth v. Transamerica Ins. Co.,* 12 Pa. Commonwealth Ct. 190, 316 A. 2d 85 (1974). Since the material facts are not in dispute, we turn to Appellant's legal argument.

Section 1 of the Policemen's Civil Service Act, 53 P.S. §23531, provides that all positions in the police bureau

of cities of the second-class are governed by the civil service. Section 5 of the Act, 53 P.S. §23534, establishes a four-year mandatory service period in the rank of patrolman prior to promotion to a higher grade. Section 6 of the Act, 53 P.S. §23535, which governs promotions to fill vacancies, provides:

"Vacancies in positions in the competitive class shall be filled by promotions from among persons holding positions in a lower grade in the bureau of police. Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commission and upon the superior qualifications of the person to be promoted as shown by his previous service and experience. The civil service commission shall maintain a list of those persons qualified for promotion to the next superior position, from which list the director of the department of public safety shall make all promotions from among the first four names appearing on the list at the time the promotion is to be made. The civil service commission shall have the power to determine in each instance whether an increase in salary constitutes a promotion."

Section 6.1 of the Act, 53 P.S. §23536, gives cities of the second-class authority to create additional classes of detectives, namely, Detective Class I, II and III. Policemen may be assigned to these classes because of "a particular aptitude for investigation, outstanding meritorious service, or unusual and exceptional bravery." Section 6.1 also sets forth in detail the procedure to be followed for these promotions:

"Assignments to the several additional classes of detectives shall be made in the following manner. Whenever a member of the police bureau is recommended by his superior officer for assignment to one of the additional classes of detectives authorized in this section a police merit board shall be convened.

"The board shall be constituted in each instance in the same manner as police trial boards authorized by law. The police merit board shall hear such evidence as may be pertinent to the case and shall thereafter make its recommendation. Such recommendation shall then be forwarded to the superintendent of police who shall endorse thereon his approval or disapproval of the board's finding. Thereafter the said report with the endorsement of the superintendent of police shall be submitted to the director of the department of public safety who shall take such action thereon as in his discretion he deems proper. In case of such assignments to an additional detective classification the member of the bureau of police so assigned shall retain his civil service status under the civil service laws then in effect. Whenever for any reason within the discretion of the director of the department of public safety it is deemed necessary or desirable to reassign any such member to his former position the said director of the department of public safety shall have the right to make such reassignment. Civil service commissions of cities of the second class may, in their discretion, make such rules and regulations for grades, merits, or credits, concerning the positions authorized by this section and relating to promotional examinations for such positions in the bureau of police as they may see fit."

Appellee cites *Smith v. Keim,* 8 Pa. Commonwealth Ct. 610, 303 A.2d 869 (1973) and *Board of Directors of Abington School District v. Pittenger,* 9 Pa. Commonwealth Ct. 62, 305 A.2d 382 (1973), for the proposition that statutory provisions governing the termination or demotion of public employees must be strictly followed. In *Smith,* we were concerned with provisions of the First Class Township Code applicable to the appointment of police officers. In *Smith,* we said:

"We know that the Civil Service provisions regulating appointments must be complied with. McCartney v. Johnston, 326 Pa. 442, 191 A.2d 121 (1937). We also realize that the statutory provisions furnish an exclusive method for terminating employment against the will of the employee which must be strictly followed, and a municipality and its officers cannot substitute their own method in place of the prescribed procedure. Geis' Appeal, 341 Pa. 413, 19 A.2d 368 (1941). This means that, in general, civil service laws cannot be obviated by agreement. Geis, supra." 8 Pa. Commonwealth Ct. at 613, 303 A.2d at 871.

*Abington School District* involved provisions of the Public School Code of 1949[2] dealing with dismissal and demotion of professional employees. We held:

"However, it is veritably a legal maxim in this Commonwealth that the provisions of the teacher's tenure, as found in the School Code requires strict compliance." 9 Pa. Commonwealth Ct. at 69, 305 A.2d at 385.

The principles in *Smith* and *Abington School District* are also applicable to the promotion of police officers in cities of the second class. Therefore, the requirements of Sections 6 and 6.1 of the Act, *supra,* must be strictly followed in order for a valid promotion to be obtained. Since none of the steps outlined in these sections were followed in the instant case, Appellant cannot successfully claim promotion to detective second-grade.

Appellant's contention that the Director's letter and the inclusion of budgetary funds constitute an offer of promotion is without merit. But assuming, *arguendo,* that there was an "offer," the Director of Public Safety had no authority to suspend the provisions of the Policemen's Civil Service Act. Therefore, we affirm.

---

2. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.