Pittsburgh Joint Collective Bargaining Committee, Appellant *v.* City of Pittsburgh, Pete Flaherty, Mayor, and Bruce Campbell, Executive Secretary, Appellees.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ernest B. Orsatti,* with him *Frank P. G. Intrieri,* and *Jubelirer, McKay, Pass & Intrieri,* for appellant.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 6, 1976:

Pittsburgh Joint Collective Bargaining Committee (Appellant) filed this equity action to compel the City of Pittsburgh (City) to reinstate Frank Parsons (Grievant) to his former job classification and to submit his discharge to grievance arbitration as provided for in the contract entered into pursuant to the Public Employe Relations Act (PERA)[1]. The City resisted by filing preliminary objections in the nature of a demurrer alleging, *inter alia,* the subject matter of the instant action concerned the discharge of an employee, who was covered by civil service, and that the matter was solely within the jurisdiction of the Civil Service Commission (Commission) of the City, and therefore was not covered by the contracts' grievance arbitration procedures. The trial

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

court sustained the preliminary objections, hence this appeal. We affirm.

The question presented is: Did the trial court err in holding that the Commission has exclusive jurisdiction to reinstate a discharged employee?

Appellant argues that the question is not whether Section 903 of PERA repealed the Act of May 23, 1907, P.L. 206, *as amended*, 53 P.S. §23431 et seq., on the City employee discharge issue, but rather, did the General Assembly in enacting Section 903 of PERA give City employees another forum in which to raise the issue of discharge. Phrased differently, does the Commission have exclusive jurisdiction over the discharge of a City employee covered by the grievance arbitration provisions of the contract entered into pursuant to PERA?

In *Board of Education of the School District of Philadelphia v. Philadelphia Federation of Teachers Local No. 3, AFT. AFL-CIO,* Pa. , 346 A.2d 35 (1975), the School District of Philadelphia, which is *not only* responsible for the appointment, promotion and discharge of an employee *but also* responsible for collective bargaining with the employee, sought to enjoin the arbitration of a dispute relating to the propriety of discharging a non-tenured professional employee on the ground that the collective bargaining agreement, which called for employee discharges to be submitted to arbitration, constituted an unlawful delegation of the school board's exclusive power. The Supreme Court held that a school district may agree in a collective bargaining agreement to submit to arbitration the issue of the propriety of discharging a non-tenured professional employee. The case at bar is inapposite to this recent Supreme Court pronouncement. The Act of May 23, 1907, provides Cities of the Second Class with a Civil Service Commission whose duties and powers include *only* the appointment, employment, promotion, or reinstatement of persons to govern-

mental positions,[2] or the removal, reduction in pay or position, or discharge for just cause of their employees.[3] The Commission *does not negotiate nor has it the authority to negotiate* a collective bargaining agreement. Consequently, we must seek other authority to help us resolve the dilemma.

PERA provides the Commonwealth with public policy which insures the orderly and constructive relationship between all public employers and employees, subject to the paramount right of the citizens to maintain inviolate the guarantees for their health, safety and welfare. This policy to be effective demands that public employers and employees negotiate and bargain preparatory to consummating contractual relations.[4] While PERA requires negotiations and bargaining, it does not authorize a public employer to bargain away rights already clearly defined by existing legislation. "Nothing contained in this Act shall impair the employer's right to hire employes or to discharge employes for just cause consistent with existing legislation."[5]

The basic purpose of the civil service legislation is to regulate and improve civil service in this Commonwealth. *Geis's Appeal*, 341 Pa. 413, 19 A. 2d 368 (1941); *McCartny v. Johnston*, 326 Pa. 442, 191 A. 121 (1937). In *Smith, Jr. v. Keim*, 8 Pa. Commonwealth Ct. 610, 613, 303 A. 2d 869, 871 (1973), we spoke to the controlling principle: "that the statutory provisions [civil service provisions] furnish an exclusive method for terminating employment against the will of the employee which must be strictly followed, and a municipality and its officers

---

2. Section 4 of the Act of May 23, 1907, P.L. 206, *as amended*, 53 P.S. §23434.

3. Section 20 of the Act of May 23, 1907, P.L. 206, *as amended*, 53 P.S. §23453.

4. Section 101 of PERA, 43 P.S. §1101.101.

5. Section 706 of PERA, 43 P.S. §1101.706.

cannot substitute their own method in place of the prescribed procedure. Geis' Appeal, 341 Pa. 413, 19 A. 2d 368 (1941). This means that, in general, civil service laws cannot be obviated by agreement. Geis, supra."

Therefore, Appellant's contention that the grievance arbitration provisions in the contract give Grievant another forum in which to challenge his discharge is without merit. Accordingly, we hold that Appellant's sole forum in which to challenge the discharge of the Grievant was before the Commission. Furthermore, while PERA has given the public employees new rights in the area of negotiating and bargaining of their employment contracts, the statute has expressly limited those rights to areas that do not impair existing legislation which gave the public employer the right to hire and discharge for just cause.

Affirmed.