Richard C. Snelbaker and Charles N. Sweet, Petitioners *v.* Commonwealth of Pennsylvania, State Ethics Commission, Respondents.

Argued September 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Michael I. Levin,* with him, *William Fearen, Cleckner* and *Fearen,* for petitioners.

*Sandra S. Christianson,* General Counsel, with her, *David Morrison,* Chief Counsel, and *Robert E. Rains,* Interim Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 23, 1981:
Richard C. Snelbaker and Charles N. Sweet, who have filed a Petition for Review seeking injunctive and declaratory relief from the financial disclosure provisions of Section 4 of the Public Officials Ethics Law, (Ethics Act) Act of October 4, 1978, P.L. 883, as amended, 65 P.S. §404, have moved for summary judgment after they and the State Ethics Commission stipulated to the facts.

Mr. Snelbaker is an attorney retained by the Cumberland Valley School District as its solicitor. The district pays him an annual retainer for general services and for special services as billed. A law firm is retained by the Redbank Valley School District for advice on labor matters. Mr. Sweet is the member of the firm, who for the firm, handles the school district's labor work.

Section 4(a) of the Ethics Law, 65 P.S. §404(a) requires employees to file statements of financial interests with the governmental body by which they are employed. Section 2 of the Ethics Law defines a public employee as:

Any individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a non-ministerial nature with regard to:

(1)  contracting or procurement;

(2)  administering or monitoring grants or subsidies;

 (3)  planning or zoning;

(4)  inspecting, licensing, regulating, or auditing any person; or

(5)  any other activity where the official action has an economic impact of greater than a de minimus nature on the interests of any person. 'Public Employee' shall not include individuals who are employed by the state or any political subdivision thereof in teaching as distinguished from administrative duties.

The State Ethics Commission has ruled that solicitors, including school board solicitors, are public employees. A preliminary injunction of the enforcement of the requirement pending disposition has been granted.

The facts having been agreed upon, we need only determine whether Mr. Snelbaker and Mr. Sweet are entitled to judgment as a matter of law. Pa. R.C.P. 1035, *Mahofsky v. City of Pittsburgh,* 22 Pa. Commonwealth Ct. 629, 350 A.2d 423 (1976). In *Ballou v. State Ethics Commission,* 56 Pa. Commonwealth Ct. 240, 424 A.2d 983 (1981), we concluded that municipal solicitors are public employees as defined by the Ethics Act and we need add nothing to the discussion of the questions here raised to be found there. However, we also concluded in *Ballou,* that Section 4 unconstitutionally encroaches upon the Pennsylvania Supreme Court's inherent and exclusive power to regulate the conduct of attorneys. We believe, however, that we should not enter judgment for the petitioners for a reason they have not raised.

We therefore deny the petitioners motion; with leave to amend the Petition for Review and refile the motion for summary judgment.

ORDER

AND Now, this 23rd day of January, 1981, the motion of Richard C. Snelbaker and Charles N. Sweet for summary judgment is denied; with leave to the petitioners to amend their Petition for Review and thereafter refile their motion for summary judgment.

Judge WILLIAMS, JR., concurs in the result only.