[No. 841.]

# CRANE, HASTINGS & CO., APPELLANTS, *v.* D. GLOSTER, RESPONDENT.

SECTION 379 CIVIL PRACTICE ACT CONSTRUED—SURVIVING PARTNERS NOT THE REPRESENTATIVES OF A DECEASED PERSON.—In construing the provisions of section 379 of the civil practice act: *Held*, that the defendant Gloster was properly allowed to testify in his own behalf against the plaintiffs, who are the surviving partners of J. J. Hayes, deceased, to a contract made with Hayes previous to his death; that the plaintiffs, as surviving partners of said Hayes, are not the "representatives of a deceased person."

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*William Cain,* for Appellants.

The testimony of defendant in his own behalf was inadmissible, the plaintiffs being the representatives of a deceased person. (*Davis* v. *Davis,* 26 Cal. 34; *Kishing* v. *Shaw,* 33 Cal. 446; *Satterlee* v. *Bliss,* 36 Cal. 512; 1 Comp. Laws, sec. 1440; *Roney* v. *Buckland,* 4 Nev. 45.)

*Boardman & Varian,* for Respondent.

By the Court, BEATTY, J.:

The plaintiffs are surviving partners of one J. J. Hayes, and sue in that character. The defendant pleaded a counterclaim, and on the trial in the district court was permitted, against the objection of the plaintiffs, to testify that Hayes, during his life-time, had employed him as traveling salesman for the firm at a salary of two hundred dollars a month, besides a commission on such goods as he might sell. According to his testimony, the firm became indebted to him for three months' services in a sum considerably exceeding the amount collected by him on account of his sales. The suit was brought to recover the money so collected, but defendant obtained a judgment for two hundred and twenty-five dollars, being the balance due him, according to his

testimony, under the contract with Hayes, over and above the amount of his collections.

The plaintiffs, appealing from the judgment and order overruling their motion for a new trial, contend that it was error to allow the defendant to testify in his own behalf. If, as surviving partners, they are the "representatives of a deceased person," within the meaning of section 379 of the civil practice act, the ruling of the district court was erroneous, otherwise it was not.

Under section 340 of the old practice act (Stats. 1864, p. 77) the testimony would have been excluded upon the ground that Hayes—the other party to the transaction—who could have testified to it if living, was dead. The case of *Roney* v. *Buckland* (4 Nev. 58) was precisely like this. Buckland was surviving partner for Bethel, and it was held to have been error to allow the plaintiff to testify to a transaction with Bethel. The decision in that case, however, was based entirely upon that clause of the old act which excluded the testimony of an interested party when the adverse party was dead—the words "adverse party" being construed to mean the other party to the transaction to be proved. It was not without some hesitation and criticism of the obscurity of the terms of the statute that the court reached its conclusion, but we are satisfied that the decision was correct, and that the rule it established was just and equitable. If the statute had not been changed we should have no hesitation in following that case; but unfortunately the law has been changed, and changed materially, by the adoption of the new practice act. (See sec. 376–7–8–9.) Section 379 contains the exceptions to the general rule prescribed in section 377, under which parties are allowed to testify in their own behalf. It would seem that the person who drafted that section had the decision in *Roney* v. *Buckland* in his mind, for the words "adverse party" of the old law were replaced by the more apt expression "other party to the transaction," but the words "is dead," that should have followed, were omitted. This omission was probably unintended, but we are satisfied that we cannot restore the missing words. The legislature in revising the law left them out,

and we are bound to presume that it was done *ex industria*, for the purpose of effecting the change which is effected in the law by their omission. We may be morally satisfied that the law as enacted defeats the legislative will; but we have no power to change the law, and in construing it we cannot go upon a surmise that the intention was to say something that has not been said. Assuming, then, that the words "is dead" were omitted in the revision of the law, not by mistake, but purposely, it cannot be maintained that they were left out simply for the reason that they were superfluous and unmeaning. The decision in *Roney* v. *Buckland* shows that they had a very important meaning, and a simple illustration will show that the principle of that decision is rejected and condemned by the present law. Under the old law if A, by his agent, contracted with B, and his agent died, in an action on the contract after the death of the agent, B. could not have testified because of the death of the "other party to the transaction," who, if living, could have testified to it. But under the present law it is clear that B. could testify unless it should be held that the principal in a contract is the "representative" of his deceased agent, and this, we suppose, would not be contended for.

It appears, then, that the old law recognized two reasons for excluding the testimony of a party interested, while the present law recognizes but one. Of the two principles of exclusion, the sounder and better has been rejected, and the more arbitrary and unreasonable retained. The result is, that our law on this subject is about as bad as it could be made. The policy of sealing the lips of the surviving party to any transaction, when the opposite party, whether principal or agent, is dead, is sanctioned and approved by the statutes of several of the states, and by numerous decided cases, while, on the other hand, the principle of arbitrarily excluding the testimony of a party whenever the opposite party to the action is the representative of a deceased person, has been as pointedly condemned. It has been shown, for instance, that there is no good reason for such exclusion when the deceased person contracted through agents who

are living and can testify, and when he, if living, could not have testified to the transaction. In several of the states, the rule has been essentially qualified with reference to considerations such as this. We, however, have retained this rule in its most arbitrary form, and have abolished altogether the other rule which invariably operated to the promotion of justice. The rule so abolished exactly covered this case. The reason why the defendant should not have been allowed to testify, was that Hayes, the other party to the transaction, was dead—his lips were sealed. If the defendant testified falsely, he could not be contradicted. It was a good reason why he should not have been allowed to testify, but it is a reason which the legislature has condemned and repudiated. It is no longer the law in this state that a party is excluded from testifying in his own behalf because the agent through whom his adversary contracted is dead. In this case, Hayes was the agent contracting for the firm, and there is not a whit more reason why Gloster should not have been allowed to testify than there would be in the case above supposed, where A. is sued by B. on a contract made through his agent, and in which it must be conceded B. could testify, notwithstanding the death of A.'s agent and sole witness.

But it is claimed that the surviving partners are, within the meaning of section 379, the representatives of a deceased person, and that Gloster's testimony should have been excluded for that reason. In a certain sense a surviving partner suing in that character does represent his deceased partner. He represents the firm which was dissolved by the death of the deceased partner, and as the interests of the firm embrace the interests of the deceased, the survivor is indirectly his representative. But it is manifest that in the only sense in which surviving partners are representatives of a deceased partner they are his representatives not only as to transactions conducted by him during his life-time, but also, and to the same extent, as to transactions conducted by themselves. It would follow, therefore, on the construction contended for, that a surviving partner, suing or defending on a contract made by him-

self, could be a witness on his own behalf, at the same time that he could exclude the testimony of his adversary upon the ground that he represented his deceased partner.

This result would be as absurdly unjust as any that can be imagined and clearly proves that the law has been so loosely and improvidently framed that, however it may be interpreted, many cases must arise in which its operation will be grossly unfair. To hold that a surviving partner is not the representative of a deceased person leaves a door open to instances of injustice such as is presented by this case: to hold otherwise would open a door to more numerous cases of injustice of the same sort. We say more numerous because every deceased partner leaves one survivor at least and often (as in this case) several, so that naturally more litigated cases arise out of the transactions of surviving than of deceased partners. For this reason we are unwilling to say that a surviving partner is, within the meaning of the statute, the representative of a deceased partner. Such a construction would lead to more injustice than it would prevent; it would enlarge the operation of a rule which is already too sweeping and arbitrary, and at the same time it would leave a large class of cases of equal merit with this case, and equally demanding protection, wholly unprovided for. The reason, as above stated, why the defendant should not have been allowed to testify, is that the agent who contracted for the plaintiffs was dead. But this principle of exclusion has been eliminated from the law, and in all cases where the agent is not also a partner the injustice of this case might be repeated even if it were held that a surviving partner is within the meaning of the law. Still we might feel bound to give the law that construction if there was any precedent for such a decision; but we have found none that goes to that extent. The case of *Davis* v. *Davis* (26 Cal. 34) goes as far as any that we have found. It holds that the word "representative" as used in the California act was intended to designate not only the executor or administrator of a deceased person, but also the person or party "who succeeds to his right by purchase, descent or operation of law." We do not question the cor-

rectness of that decision, but it is not broad enough to cover this case. A surviving partner does not succeed to the right of his deceased partner. He has authority to wind up the affairs of the firm, but the share of the deceased partner goes to his heirs or personal representatives. The decision in the case of *Davis* v. *Davis* was that a grantee was the representative of his deceased grantor in an action to recover the granted premises. We think the decision was correct, and we find no fault with the principle upon which *it* was based. We only say that this case does not come within the principle. The following cases are more nearly in point, and tend to support our conclusion: 44 Barb. 456; 44 N. Y. 56; 8 West Va. 245.

The other errors assigned by appellants may be very briefly disposed of. The findings are sustained by the defendant's testimony, and the statute of limitations did not run against the counter-claim upon which he recovered on account of the absence of the plaintiffs from the state.

The judgment and order appealed from are affirmed.