## CITY OF LAS VEGAS, Appellant, *v.* PAMELA MACCHIAVERNA, Respondent.

No. 13313

April 21, 1983                                    661 P.2d 879

*George F. Ogilvie,* City Attorney, *Christopher G. Gellner* and *Michael L. Peters,* Deputy City Attorneys, Las Vegas, for Appellant.

*R. Paul Sorenson,* and *Patrick R. Doyle,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment in favor of a property owner in a zoning dispute. We affirm.

In 1966, the Las Vegas City Commission enacted an ordinance which designated the property involved in this case as a commercial zone (C-1).[1] Years earlier, this property had been improved with guest houses, gardens, and recreational facilities, including a miniature train with tracks. The City of Las Vegas concedes that the ordinance on its face clearly zoned the property as C-1. City's position throughout these proceedings, however, has been that the city commission intended to zone the property as residential (R-1), and that the C-1 designation was simply a mistake.

In early 1975, respondent Macchiaverna and her husband became interested in the subject property as a potential site for a child care facility. After purchasing the property, Macchiaverna and her husband sought to obtain permission to operate a child care facility on the property. They were, however, unsuccessful.

Macchiaverna subsequently initiated this action seeking, among other things, declaratory relief granting her permission to operate a child care facility on the property. Following a court trial, the district judge concluded that the property in question was in fact zoned C-1. The district court entered judgment for Macchiaverna and ordered City to issue a business license to her.

On appeal City contends, in part, that because the city commission did not intend in 1966 to zone the property as C-1, the property was not so zoned. City supports its contention by relying on the following rule of statutory construction:

> The leading rule for the construction of statutes is to ascertain the intention of the legislature in enacting the statute, and the intent, when ascertained, will prevail over

---

[1]The applicable ordinance, which is designated Ordinance No. 934-90, amended Title XI, Chapter 1, Section 3 of the Municipal Code of the City of Las Vegas, Nevada, 1960 Edition. The portion of the ordinance specifically applicable to this case is designated Z-4-66.

the literal sense. [Citations omitted.] The meaning of words used in a statute may be sought by examining the context and by considering the reason or spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and the policy of the law may also be involved to aid in its interpretation, and it should always be construed so as to avoid absurd results. [Citations omitted.]

Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 637-38, 503 P.2d 457, 458-59 (1972) (quoting O'Meara v. Ross, 20 Nev. 61, 63, 14 P. 827, 828 (1887); Ex parte Siebenhauer, 14 Nev. 365, 368 (1879)). City contends that this rule controls in this case, because extrinsic evidence indicated that the C-1 zoning designation of the property in question would lead to absurd results. We disagree with this contention. ''When the language of a statute is plain, its intention must be deduced from such language, and the court has no right to go beyond it.'' Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1015 (1979) (quoting State ex rel. Hess v. Washoe County, 6 Nev. 104, 107 (1870)). *See also* School Trustees v. Bray, 60 Nev. 345, 109 P.2d 274 (1941). In the matter before us, the ordinance clearly zoned the subject property C-1. The ordinance was not uncertain or ambiguous. We therefore hold that the rule stated in *Cirac* is controlling. *Compare* State v. Burke, 598 P.2d 395 (Wash. 1979) (where regulation contained a number, the mere reading of which disclosed an error, court gave effect to the intent of drafter).

Accordingly, the district court correctly ruled that the subject property was in fact zoned C-1. It is therefore unnecessary to consider City's contention that the district court erred in finding that Macchiaverna justifiably relied on the zoning ordinance. The judgment of the district court is affirmed.