BRIAN McKAY, ATTORNEY GENERAL OF THE STATE OF NEVADA, Appellant, *v.* THE BOARD OF SUPERVISORS OF CARSON CITY, NEVADA, Respondent.

No. 17145

December 30, 1986 730 P.2d 438

*Brian McKay,* Attorney General, and *Scott W. Doyle,* Deputy Attorney General, Carson City, for Appellant.

*Noel S. Waters,* District Attorney, and *Charles P. Cockerill,* Deputy District Attorney, Carson City, for Respondent.

# OPINION

By the Court, YOUNG, J.:

This case involves interpretation of Nevada's Open Meeting Law, NRS chapter 241. The district court ruled that Carson City could properly terminate its former city manager in a closed meeting. The Attorney General argues this was error because the Nevada Open Meeting Law mandates any action to terminate the city manager be taken in an open meeting. We agree.

On August 12, 13, 1985, the Carson City Board of Supervisors (Board) met in closed session and voted to request the city manager's resignation and to authorize six months severance pay

when the resignation was submitted. The meeting was noticed in accordance with NRS 241.020(3)(a)[1] and the Board was advised by counsel during this session.

At an open and properly noticed meeting August 15, 1985, the mayor put on the record the Board's August 13 action requesting the resignation of the city manager. Sometime after that date, the Nevada Appeal and the Reno Gazette Journal complained to the Attorney General that the Board's action violated Nevada's Open Meeting Law, NRS chapter 241. The Attorney General is authorized by NRS 241.037[2] to maintain suit in court to have any action taken by a public body which is in violation of the Open Meeting Law declared void and to seek an injunction against the public body to require compliance with the statute.

On October 10, 1985, the Attorney General filed a complaint in district court for declaratory and injunctive relief, pursuant to NRS 241.037. The complaint alleged the decision of the Board to terminate the city manager exceeded the statutory authorization for closed meetings and thus violated NRS 241.030.[3] The Board answered and denied that its action violated the statute, claiming

---

[1]See footnote 5, *infra.*

[2]NRS 241.037 provides:

    1. The attorney general may sue in any court of competent jurisdiction to have an action taken by a public body declared void or for an injunction against any public body or person to require compliance with or prevent violations of the provisions of this chapter. The injunction:

    (a) May be issued without proof of actual damage or other irreparable harm sustained by any person.

    (b) Does not relieve any person from criminal prosecution for the same violation.

    2. Any person denied a right conferred by this chapter may sue in the district court of the district in which the public body ordinarily holds its meetings or in which the plaintiff resides. A suit may seek to have an action taken by the public body declared void, to require compliance with or prevent violations of this chapter or to determine the applicability of this chapter to discussions or decisions of the public body. The court may order payment of reasonable attorney's fees and court costs to a successful plaintiff in a suit brought under this subsection.

    3. Any suit brought against a public body pursuant to subsection 1 or 2 to require compliance with the provisions of this chapter must be commenced within 120 days after the action objected to was taken by that public body in violation of this chapter. Any such suit brought to have an action declared void must be commenced within 60 days after the action objected to was taken.

[3]NRS 241.030 provides:

    1. Nothing contained in this chapter prevents a public body from holding a closed meeting to consider the character, alleged misconduct, professional competence, or physical or mental health of a person.

    2. A public body may close a meeting upon a motion which specifies the nature of the business to be considered.

    3. This chapter does not:

that the meeting came under the exemption from open meeting requirements contained in NRS 241.030(1).

On November 22, 1985, the Board moved for summary judgment. The parties had stipulated to the facts, and the Board claimed there was only an issue of law to be decided, i.e. whether the Board's conduct was expressly exempted from the open meeting requirement. The Attorney General opposed the motion, claiming the Board's action did not come within any of the express exemptions to the requirement of an open meeting.

The district court held a hearing January 13, 1986, heard argument and ruled in favor of the Board. The Attorney General then moved to amend the findings of fact, conclusions of law and judgment, which was denied. The Attorney General now appeals from the order granting summary judgment and the order denying the motion to amend.

NRS chapter 241 contains the provisions of Nevada's Open Meeting Law. NRS 241.010[4] declares the legislative intent. This section states that all public bodies exist to aid in the conduct of the people's business and that the legislature intends that its actions and deliberations be conducted openly. NRS 241.020[5] requires that all meetings of public bodies shall be open and public except as otherwise specifically provided by statute, and all persons shall be permitted to attend any meeting of these

---

(a) Apply to judicial proceedings.

(b) Prevent the removal of any person who willfully disrupts a meeting to the extent that its orderly conduct is made impractical.

(c) Prevent the exclusion of witnesses from a public or private meeting during the examination of another witness.

(d) Require that any meeting be closed to the public.

(e) Permit a closed meeting for the discussion of the appointment of any person to public office or as a member of a public body.

4. The exception provided by this section, and electronic communication, must not be used to circumvent the spirit or letter of this chapter in order to discuss or act upon a matter over which the public body has supervision, control, jurisdiction or advisory powers.

[4]NRS 241.010 provides:

In enacting this chapter, the legislature finds and declares that all public bodies exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

[5]NRS 241.020 provides:

1. Except as otherwise specifically provided by statute, all meetings of public bodies shall be open and public, and all persons shall be permitted to attend any meeting of these bodies. Public officers and employees responsible for these meetings must make reasonable efforts to assist and accommodate physically handicapped persons desiring to attend.

2. Except in an emergency, written notice of all meetings shall be

bodies. NRS 241.030[6] states the exceptions to the open meeting requirement.

## STATUTORY CONSTRUCTION

### 1. Plain Meaning.

The Attorney General and Carson City each assert the "plain meaning rule" of statutory construction supports their respective arguments. It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act. Application of Filippini, 66 Nev. 17, 24, 202 P.2d 535, 538 (1949). Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent. Thompson v. District Court, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984); Robert E. v. Justice Court, 99 Nev. 443, 664 P.2d 957 (1983).

Both parties focus their arguments on the interpretation of NRS 241.030(1), which states: "Nothing contained in this chapter prevents a public body from holding a closed meeting to *consider* the character, alleged misconduct, professional competence, or physical or mental health of a person." (Emphasis supplied.) The Attorney General claims this section must be construed literally, so that the four things that may be considered in a closed meeting are exclusive. Further, the word "consider" as used in the statute, means just that, to think about, but not to decide. *See* Black's Law Dictionary 378 (4th ed. 1968); Webster's Seventh Collegiate Dictionary 177-178 (1969 ed.). Consequently, the Attorney General claims the Board was authorized only to "consider" the city manager's character, alleged misconduct, professional competence or physical or mental health in a closed session, but not authorized to make the decision to terminate him. This decision could only properly be made in an open meeting.

---

given at least 3 working days before the meeting. The notice shall include the time, place, location and agenda of the meeting.

3. Minimum public notice is:

(a) A copy of the notice posted at the principal office of the public body, or if there is no principal office, at the building in which the meeting is to be held, and at lease three other separate, prominent places within the jurisdiction of the public body; and

(b) Mailing a copy of the notice to any person who has requested notice of the meetings of the body in the same manner in which notice is required to be mailed to a member of the body. A request for notice lapses 6 months after it is made. The public body shall inform the requester of this fact by enclosure with or notation upon the first notice sent.

[6]See footnote 3, *ante.*

Carson City argues that the plain meaning of "consider" necessarily includes decision making, citing Webster's New World Dictionary (Second College Edition) and the American Heritage Dictionary of the English Language. Further, the word "consider" should be construed in a common sense fashion. To allow a public body to conduct closed discussions of a person's character, alleged misconduct, professional competence, or physical or mental health, and then to require that the decision to terminate that person be made in public session offends common sense.

Carson City relies heavily on decisions from foreign jurisdictions to support its position regarding the plain meaning of "consider" as used in NRS 241.030(1). *E.g.*, Lucas v. Board of Trustees, 96 Cal.Rptr. 431 (Cal.Ct.App. 1971); Jeske v. Upper Yoder Township, 403 A.2d 1010 (Pa.Commw.Ct. 1979); Roth v. Borough of Verona, 460 A.2d 379 (Pa.Commw.Ct. 1983). The district court also relied on these decisions in its conclusions of law. However, the courts in these cases were construing their own open meeting laws, which are similar, but not identical, to the Nevada Open Meeting Law. Each of these jurisdictions requires open meetings, with certain enumerated exemptions, but each also *expressly* allows closed session consideration of termination or dismissal of a public employee. *See* Cal. Gov. Code § 54957 (West 1983); Pa. Stat. Ann. title 65, § 263 (Purdon 1986); *see also* Wis. Stat. Ann. § 19.85 (West 1986). Because the open meeting laws of California, Pennsylvania and Wisconsin expressly allow closed session consideration of termination or dismissal, and the Nevada Open Meeting Law does not, the district court erred in relying on foreign cases construing the word "consider" as used in those statutes.

From the foregoing, it is apparent that both parties present fairly persuasive arguments for the construction of the word "consider" as used in NRS 241.030(1). Where a statute is capable of being understood in two or more senses by reasonably informed persons, the statute is ambiguous. Robert E. v. Justice Court, *supra*, 99 Nev. at 445. Since either of the interpretations proffered by the parties can reasonably be drawn from the language of the statute at issue here, it can be said the statute is ambiguous and the plain meaning rule has no application. Thompson v. District Court, *supra*, 100 Nev. at 354. An ambiguous statute can be construed "in line with what reason and public policy would indicate the legislature intended." *Robert E.*, 99 Nev. at 445. The effect of the 1977 amendments to NRS 241.030 provides some guidance as to the legislature's intent.

2. Effect of 1977 Amendments.

NRS 241.030, as originally enacted,[7] expressly allowed a public body to consider appointment, employment or dismissal of public officers or employees in closed session. In 1977 the legislature amended the statute to its present form, and deleted the express provision allowing appointment, employment or dismissal in closed session. 1977 Nev. Stat. 1100. The statute now allows consideration of a person's character, alleged misconduct, professional competence or physical or mental health. NRS 241.030(1). Subsection (3)(e) of the statute expressly prohibits the *appointment* of a person in closed session. "Employment" and "dismissal" are no longer expressly mentioned in the statute.

Where a statute is amended, provisions of the former statute omitted from the amended statute are repealed. City of Reno v. Stoddard, 40 Nev. 537, 543, 167 P. 317, 318 (1917); Cawley v. Pershing County, 50 Nev. 237, 255 P. 1073 (1927). It is ordinarily presumed that the legislature, by deleting an express portion of a law, intended a substantial change in the law. Crane, Hastings & Co. v. Gloster, 13 Nev. 279, 280-281 (1878); *accord,* Brousseau v. Fitzgerald, 675 P.2d 713 (Ariz. 1984); People v. Dillon, 668 P.2d 697 (Cal. 1983). These rules of statutory construction demonstrate that the legislature intended to require open meetings for the decision to terminate a public employee, because the legislature deleted the former provision of the statute which expressly allowed termination in closed session.

3. Legislative Intent.

The leading rule of statutory construction is to ascertain the intent of the legislature in enacting the statute. City of Las Vegas v. Macchiaverna, 99 Nev. 256, 257, 661 P.2d 879, 880 (1983). This intent will prevail over the literal sense of the words. *Id.* at 257-258. The meaning of the words used may be determined by examining the context and the spirit of the law or the causes

---

[7]NRS 241.030 originally provided:

Nothing contained in this chapter shall be construed to prevent the legislative body of a public agency, commission, bureau, department, public corporation, municipal corporation, quasi-municipal corporation or political subdivision from holding executive sessions to consider the *appointment, employment* or *dismissal* of a public officer or employee or to hear complaints or charges brought against such officer or employee by another public officer, person or employee unless such officer or employee requests a public hearing. The legislative body also may exclude from any such public or private meeting, during the examination of a witness, any or all other witnesses in the matter being investigated by the legislative body.

(Added to NRS by 1960, 25) (emphasis added).

which induced the legislature to enact it. *Id.* The entire subject matter and policy may be involved as an interpretive aid. *Id.*

When these rules of statutory consturction are considered along with the language of the statute and the effect of the 1977 amendments, the intention of the legislature is clear. The spirit and policy behind NRS chapter 241 favors open meetings. NRS 241.010 states that it is the intent of the law that the actions and deliberations of public bodies be taken *openly.* NRS 241.020 *mandates* open meetings unless "otherwise specified by statute," and NRS 241.030 delineates the statutory exceptions. The fact that closed session consideration of dismissal or termination was expressly deleted by the 1977 amendment to NRS 241.030 is significant evidence that the legislature did not intend to allow a termination decision to be conducted in a closed meeting.

We conclude a strict reading of the statute is more in keeping with the policy favoring open meetings expressed in NRS chapter 241 and the spirit of the Open Meeting Law. Open meetings are the rule in Nevada so the statute which states the exceptions must be strictly construed. Requiring a public body to make its decision in open meetings whenever possible is in keeping with the spirit of open meeting laws, the so-called "sunshine laws." *See* Roth v. Borough of Verona, *supra,* 460 A.2d at 381, n.5. Allowing public bodies to consider a person's character, alleged misconduct, professional competence or physical or mental health in closed session protects the person's need for confidentiality in such matters. Requiring the public body to make the decision whether to terminate or dismiss an employee after confidential consideration protects the public's need for the public body's actions to be conducted openly.

The district court erred in ruling that the Board could terminate the city manager in closed session without violating the Nevada Open Meeting Law. "The action of any public body taken in violation of any provision of this chapter is void." NRS 241.036. We hold that the action of the Board terminating the city manager in closed session on August 13, 1985, violated the open meeting requirement of NRS 241.020 and is not within any of the exceptions to this requirement contained in NRS 241.030, and is therefore void. Accordingly, we reverse the order of the district court granting summary judgment.

MOWBRAY, C. J., and SPRINGER, GUNDERSON and STEFFEN, JJ., concur.