ROBERT HAGER AND CARMALETTA M. TERRY, Appellants, *v.* THE NEVADA MEDICAL LEGAL SCREENING PANEL; AND DAVID GATES as Insurance Commissioner, Respondents.

No. 18918

January 31, 1989                    767 P.2d 1346

*Paul D. Elcano, Jr.,* Reno, for Appellants.

*Brian McKay,* Attorney General, and *James C. Smith,* Deputy Attorney General, Carson City, for Respondents.

# OPINION

*Per Curiam:*

Peter Oronos died on April 27, 1985. Following his death, his wife, Carmaletta M. Terry, and his surviving child retained attorney Robert Hager to present a wrongful death/medical malpractice claim to the Nevada Medical Legal Screening Panel. Hager in turn contacted the panel to determine the filing fee requirement for a single complaint involving one claim and two claimants. He was informed that a $250.00 per claimant fee was required. As a result, Hager filed a complaint and a $500.00 filing fee.

Appellants thereafter filed a declaratory relief action in district court seeking to determine the proper interpretation of the relevant fee requirement statute, NRS 41A.039(1), and a $250.00 refund. Specifically, appellants argued that NRS 41A.039(1) required a single $250.00 filing fee per complaint, irrespective of the number of complainants joining therein. Respondents answered with a motion to dismiss claiming that NRS 41A.039 and a regulation interpreting it required separate individual fees per complainant. The district court agreed with respondents and dismissed appellants' complaint.

On appeal we are asked to determine whether the district court erred in dismissing appellants' complaint and in concluding that NRS 41A.039 requires each complaining party within a single complaint to pay a separate $250.00 fee. After construing NRS 41A.039 in light of pertinent standards and prior precedent we conclude that the district court erred.

In Nevada, no medical malpractice cause of action may be filed in district court until the claim has been submitted to the Nevada

Medical Legal Screening Panel and a determination has been made. NRS 41A.016(1). NRS 41A.039 outlines the procedure for submitting such claims.[1] Subsection "1" states that "[a] fee of $250 must accompany the complaint." NAC 41A.080,[2] as promulgated by the Insurance Commissioner, requires that each claimant pay a separate $250.00 fee and that fees are not refundable.

In construing both NRS 41A.039(1) and NAC 41A.080, we reemphasize our position in Roberts v. State, 104 Nev. 33, 752 P.2d 221, 223 (1988), that "[a]dministrative regulations cannot contradict or conflict with the statute they are intended to implement." It follows, then, that NAC 41A.080 may not require separate filing fees unless in so doing it conforms to the original legislative intent behind NRS 41A.039(1). *See Roberts,* 104 Nev. at 33, 752 P.2d at 223. Moreover, *Roberts* declares that legislative intent is to be determined from the specific statutory language if it is clear and unambiguous on its face. *See id.* The language is ambiguous if it is capable of being understood in two or more senses by reasonably informed persons. *See* McKay v. Bd. of Supervisors, 102 Nev. 644, 649, 730 P.2d 438, 442 (1986).

The critical clause in this case, "[a] fee of $250 must accompany the complaint," is clear and unambiguous on its face. Thus, the provision at issue reflects a legislative intent that a *single* $250.00 filing fee accompany the complaint, regardless of the number of claimants joined therein. Given this interpretation, we further conclude that inasmuch as NAC 41A.080 requires separate filing fees based upon complainants rather than the complaint, it conflicts with NRS 41A.039(1). As a result, to the extent NAC 41A.080 requires more than one fee per complaint, it is invalid.

---

[1]NRS 41A.039 provides:

1. A claim of medical malpractice is properly presented to a screening panel by filing a complaint with the division. A fee of $250 must accompany the complaint. A copy of the complaint must be delivered by certified or registered mail to the person against whom the complaint is made.

2. The complaint must contain a clear and concise statement of the facts of the case, showing the persons involved and the dates and circumstances, so far as they are known, of the alleged medical malpractice.

3. The person against whom a complaint is made must, within 30 days after receipt of the complaint, file an answer with the division, accompanied by a fee of $250.

[2]NAC 41A.080 states: "All fees must be paid by check, made payable to the division. In cases with multiple claimants or respondents, each person must pay a separate fee. The fees will not be refunded."

4

Finally, consistent with our analysis and conclusion, we reverse the trial court and remand with instructions to enter judgment in appellants' favor and to order the Insurance Division to pay the requested refund.[3]

---

[3]We recognize that NAC 41A.080 does not permit fees to be refunded. However, implicit in this prohibition is the assumption that fees are lawfully exacted. In the instant case, because the additional $250.00 fee was not lawfully charged and collected, a refund is mandated.