SHERIFF, CLARK COUNTY, NEVADA, JOHN T. MORAN, Appellant, *v.* KURT ROBERT CORTOPASSI, FRANK JOSEPH BENINCASA, and HIRAN PUJOL, Respondents.

No. 20259

March 27, 1990                    789 P.2d 582

[Rehearing denied August 21, 1990]

*Rex Bell,* District Attorney, Clark County, for Appellant.

*John Momot, Jr.,* Las Vegas, for Respondent Cortopassi.

*Dominic Gentile,* Las Vegas, for Respondent Benincasa.

*Vincent Savarese,* Las Vegas, for Respondent Pujol.

# OPINION

*Per Curiam:*

On January 12, 1989, the Clark County grand jury returned indictments against respondents for conspiracy to sell cocaine and trafficking in cocaine. NRS 453.3395(3), 453.401 and 453.321. Alleging, *inter alia,* that the state failed to properly establish the weight of the cocaine before the grand jury and that the indictments were based on unlawfully disclosed oral and wire communications, respondents filed in the district court a pretrial petition for a writ of habeas corpus. On June 1, 1989, the district court granted respondents' petition. This appeal followed.

The district court concluded that the state failed to establish properly the weight of the cocaine before the grand jury. Relying on NRS 50.315, the district court concluded that the weight of a controlled substance cannot be established before the grand jury by affidavit.[1]

At the time of appellant's indictment, however, NRS 50.315 applied only "in an administrative proceeding or in a criminal trial in the district court in any county in the district or a preliminary examination or trial in any justice's or municipal court in any county in the district." The statute was inapplicable to grand jury proceedings. The district court therefore erred in concluding that this statute was controlling.

Under NRS 172.135, an expert's affidavit is admissible before

[1]NRS 50.315 provided in part:

> 1. Whenever any person has qualified in the district court of any county as an expert witness to testify regarding . . . the identity of a controlled substance alleged to have been in the possession of a person, the expert's affidavit is admissible in evidence in an administrative proceeding or in a criminal trial in the district court in any county in the district or a preliminary examination or trial in any justice's or municipal court in any county in the district to prove the identity of the person from whom the affiant received the blood or urine or purported controlled substance for analysis and the amount of alcohol or the presence or absence of a controlled substance, chemical, poison or organic solvent, as the case may be.

the grand jury in lieu of his personal testimony or deposition.[2] The affidavit of criminalist Minoru Aoki was therefore admissible to establish the weight of the cocaine in this case.

The district court further held that the indictment was based on unlawful disclosures of oral and wire communications in violation of NRS 179.410 through NRS 179.525. The district court apparently accepted respondent's claim that because "the grand jury hearing" was not furnished with a copy of the court order and accompanying application under which the interception was authorized, and a transcript was not provided, the evidence was inadmissible under NRS 179.500.[3] This was error.

The legislature limited NRS 179.500 to "any trial, hearing or other proceeding in any court of this state." Grand jury proceedings are not included. Thus, the district court erred when it applied NRS 179.500 to a grand jury proceeding. *See* McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) (where a statute is clear on its face, a court may not go beyond the language of the statute in determining the intent of the legislature).

Based on the foregoing, we reverse the district court's order granting respondents' pretrial petition for a writ of habeas corpus, and we remand this case to the district court for further proceedings.

---

[2]NRS 172.135 provides in pertinent part:

1. In the investigation of a charge, for the purpose of either presentment or indictment, the grand jury can receive no other evidence than such as is given by witnesses produced and sworn before them or furnished by legal documentary evidence or by the deposition of witnesses taken as provided in this Title, except that the grand jury may receive an affidavit from an expert witness or other person described in NRS 50.315 in lieu of his personal testimony or deposition.

[3]NRS 179.500 provides:

The contents of any intercepted wire or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing or other proceeding in any court of this state unless each party, not less than 10 days before the trial, hearing or proceeding, has been furnished with a copy of the court order and accompanying application under which the interception was authorized and a transcript of any communication intercepted. Such 10-day period may be waived by the judge if he finds that it was not possible to furnish the party with such information 10 days before the trial, hearing or proceeding and that the party will not be prejudiced by the delay in receiving such information.