ESTELLA RAMIREZ, Appellant, v.
CARLO GALIOTO, Respondent.

No. 22868

December 11, 1992                    843 P.2d 367

*Edward M. Bernstein & Associates* and *James R. Cox,* Las
Vegas, for Appellant.

*Gentile & Associates* and *Barbara I. Johnston,* Las Vegas, for
Respondent.

## OPINION

*Per Curiam:*

On December 26, 1990, Estella Ramirez ("Ramirez") and two
passengers were traveling on Pecos Road in an automobile driven
by Ramirez. An automobile driven by Carlo Galioto ("Galioto")
collided with Ramirez' car. The collision resulted in personal
injuries to Ramirez and her passengers. On July 9, 1991, they
filed suit in Nevada district court against Galioto.

Ramirez and her passengers filed a motion to compel arbitra-
tion pursuant to NRS 38.215.[1] Galioto opposed the motion on the

---

[1] NRS 38.215 (1989) provided in relevant part:

  Arbitration required when amount in issue does not exceed $15,000;
  exception.
  1. Except as otherwise provided in subsection 2, all civil actions for

ground that the then existing NRS 38.215 required arbitration only if the "amount in issue" did not exceed $15,000.[2] Although each individual claim was below the cap, the aggregate far exceeded it, damages being estimated at $40,000. The district court ordered that for NRS 38.215 to apply, the claims collectively could not exceed the cap. Ramirez alone appeals.

The sole issue on appeal is whether NRS 38.215 requires arbitration where multiple claims, each less than the cap, are brought in one action, the aggregate of which exceeds the cap. We hold that it does.

Ramirez argues that she is entitled to arbitration under NRS 38.215 because each individual claim is less than the cap. Each individual having a claim for damages has a "cause of action" separate, distinct and different from any other individual who also has a claim for damages arising out of the same incident. Ramirez concludes that the "amount in issue" refers to the damages claimed by each individual plaintiff pursuant to their individual cause of action, rather than the aggregate. We agree.

NRS 38.215 is clear. "Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent." McKay v. Board of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986). The 1989 version of NRS 38.215 stated clearly that "where the cause of action arises in the State of Nevada and the amount in issue does not exceed $15,000," the dispute must be submitted to arbitration.

We believe that "amount in issue" refers to each individual plaintiff's separate and distinct cause of action. This is consistent with Nevada's policy favoring arbitration, as well as the legislature's obvious intent of reducing court loads by requiring arbitration in certain cases.

The legislature's express intent in passing NRS 38.215 was to promote the speedy resolution of small claims. *Minutes of the Senate Standing Committee on Commerce* 2 (March 30, 1971). This is harmonious with the intent we would discern were we to look at the statute in its entirety in light of its purpose. Thus, we see no reason to adopt Galioto's restrictive view that "amount in controversy" is controlling and is determined by aggregating all claims. Galioto's interpretation would defeat the very purpose of the statute in those instances where, as here, multiple claimants

damages for personal injury, death or property damage arising out of the ownership, maintenance or use of a motor vehicle, where the cause of action arises in the State of Nevada and the amount in issue does not exceed $15,000, must be submitted to arbitration, in accordance with the provisions of NRS 38.015 to 38.205, inclusive.

[2]The $15,000 limit is herein referred to as "the cap."

have relatively small claims, the aggregate of which exceeds the cap. Accordingly, we conclude that the order refusing to compel arbitration was incorrect. We therefore reverse the judgment of the district court and remand for proceedings consistent with this opinion.