BRIAN CHAPMAN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 35894

March 15, 2002

42 P.3d 264

*Harold Kuehn,* Tonopah, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Robert S. Beckett,* District Attorney, and *Erik A. Levin,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

*Per Curiam:*

This case presents an issue of first impression for this court and requires that we determine the applicable statute of limitations for a third or subsequent driving under the influence (DUI) charge within seven years of two or more constitutionally valid prior convictions. Between 1993 and 1998, Chapman was convicted of

three DUI offenses.[1] Under Nevada's DUI laws, a district court convicted Chapman of a felony for his third DUI offense and sentenced him to imprisonment in state prison. While Chapman was in prison on his third DUI conviction, on October 28, 1998, the State charged him with his fourth DUI offense within seven years. The State filed the complaint one week after the expiration of the one-year misdemeanor statute of limitations.

Chapman filed a motion to dismiss the charge, for a violation of the one-year misdemeanor statute of limitations, NRS 171.090(2), on a theory that all DUIs are misdemeanors until sentencing. The district court rejected this theory and denied Chapman's motion to dismiss.[2] We agree with the district court's decision.

NRS 484.3792(1)(c) makes it a felony to commit a third or subsequent DUI offense within seven years of at least two constitutionally valid prior convictions.[3] "It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act."[4] Therefore, the felony statute of limitations, NRS 171.085(2), applies to third or subsequent DUI offenses committed within seven years of at least two prior constitutionally valid convictions. If the felony charge fails, and the State filed its information after one year, then the one-year misdemeanor statute of limitations would bar conviction. Because the State properly charged Chapman's fourth DUI offense as a felony, and Chapman's three prior DUI convictions were constitutionally valid, the three-year felony statute of limitations applies. The State filed the complaint within three years from the date of the offense. We, therefore, conclude that the district court properly denied the motion to dismiss. Accordingly, we affirm the judgment of conviction.

---

[1]June 9, 1993—El Cajon Municipal Court, Riverside County, California; March 24, 1994—Pahrump Township Justice Court, Nye County, Nevada; and October 1, 1998—Fifth Judicial District Court, Nye County, Nevada.

[2]Chapman entered a conditional guilty plea, reserving his right to appellate review of the district court's denial of his motion to dismiss. The district court convicted Chapman, sentenced him to imprisonment in state prison, and stayed the sentence pending appeal to this court.

[3]NRS 484.3792 provides, in pertinent part:

> 1. [A] person who violates the provisions of NRS 484.379:
>  . . . .
>
> (c) For a third or subsequent offense within 7 years, is guilty of a category B felony and shall be punished by imprisonment in the state prison . . . .

[4]McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986).