JIMETTE SCOTT, Appellant, *v.* JIAN YING ZHOU, Respondent.

No. 40641

September 13, 2004                                        98 P.3d 313

*Law Office of Thomas R. Slezak, Jr.,* and *Thomas R. Slezak, Jr.,* Las Vegas, for Appellant.

*Bruce D. Schupp,* Las Vegas, for Respondent.

*Bradley Drendel & Jeanney* and *Thomas E. Drendel,* Reno, for Amicus Curiae Nevada Trial Lawyers Association.

Before BECKER, AGOSTI AND GIBBONS, JJ.

## OPINION

By the Court, AGOSTI, J.:

Jian Zhou sued Jimette Scott in the district court for negligence arising out of an automobile collision. The case proceeded through the mandatory court annexed arbitration program. The arbitrator awarded Zhou $10,215 plus additional costs and attorney fees. Scott demanded a trial de novo and properly filed a jury demand. The jury awarded Zhou a verdict of $4,215. The district court denied Zhou's motion for additur but granted Zhou's motion for attorney fees, awarding $10,000. Scott appealed, and we reversed the award of attorney fees and remanded the matter to the district court for a determination of a reasonable attorney fee in light of Scott's success in convincing the jury to award a judgment substantially less than the amount awarded by the arbitrator, the district court's reasoning having been unapparent from the record.

On remand the district court again awarded Zhou attorney fees of $10,000, but this time indicated its reasoning. Scott appeals. We now affirm the district court's award of attorney fees.

Scott contends that the district court abused its discretion when it awarded attorney fees to Zhou. In reviewing the contested attorney fee award, we turn first to NAR 20(B), which provides, in part:

> (1) The prevailing party at the trial de novo is entitled to all recoverable fees, costs, and interest pursuant to statute or N.R.C.P. 68.
>
> (2) Exclusive of any award of fees and costs under subsection (1), a party is entitled to a separate award of attorney's fees and costs as set forth in (a) and (b) below. Attorney's fees awarded pursuant to this subsection must not exceed $10,000.
>
> (a) *Awards of $20,000 or less.* Where the arbitration award is $20,000 or less, and the party requesting the trial de novo fails to obtain a judgment that exceeds the arbitration award by at least 20 percent of the award, the non-requesting party is entitled to its attorney's fees and costs associated with the proceedings following the request for trial de novo. Conversely, if the requesting party fails to obtain a judgment that reduces by at least 20 percent the amount for which that party is liable under the arbitration award, the non-requesting party is enti-

tled to its attorney's fees and costs associated with the proceedings following the request for trial de novo.

(Emphasis added.)

When interpreting a statute, words "should be given their plain meaning unless this violates the spirit of the act."[1] NAR 20(B) permits a party to recover attorney fees under either subsection (1) or subsection (2). The language of NAR 20(B)(2), "[e]xclusive of any award of fees and costs under subsection (1)," makes it clear that subsections (1) and (2) are independent of one another. An attorney fee award may be justified under either section and need not be justified under both. Therefore, even if Zhou may not recover attorney fees pursuant to NAR 20(B)(2), subsection (1) permits Zhou, as the prevailing party, to recover attorney fees pursuant to NRS 18.010.

Zhou is not entitled to an award of fees under NAR 20(B)(2). The rule entitles the non-requesting party to attorney fees if the party requesting trial de novo does not improve his or her position under the arbitration award by 20 percent or more. This section is inapplicable to the instant case because Scott, the party requesting trial de novo, did obtain a judgment over 20 percent less than what the arbitrator awarded Zhou. NAR 20(B)(2) is silent as to the entitlements to or prohibitions against attorney fees when, as here, the non-requesting party (Zhou) fails to obtain a judgment within 20 percent of the arbitrator's award. Therefore, neither Scott nor Zhou may look to NAR 20(B)(2) for resolution of the question before us. And so we turn to NAR 20(B)(1) to determine whether the district court abused its discretion in awarding attorney fees to Zhou.

The first time this case reached us on appeal, we remanded the matter to the district court so that it could "determine a reasonable attorney fee award for Zhou in light of the fact that Scott was successful in convincing the jury to reduce the size of Zhou's judgment."[2] We reasoned that,

> since the award of attorney fees under NRS 18.010(2)(a) is discretionary, the district court should have considered the fact

---

[1]*McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986); *see Trustees v. Developers Surety,* 120 Nev. 56, 61, 84 P.3d 59, 62 (2004) (applying the plain meaning rule of statutory construction to NRCP 68).

[2]*Scott v. Zhou,* Docket No. 37158 (Order Affirming in Part, Reversing in Part and Remanding, July 11, 2002).

that Scott, after requesting a trial de novo, successfully convinced the jury to reduce the amount of Zhou's judgment. Otherwise, defendants who have meritorious grounds for requesting a trial de novo[ ] would be deterred from doing so merely out of the fear of being held responsible for all the additional attorney fees incurred from going to trial.[3]

Our concern was that the fear of additional attorney fees would deter Scott, and other defendants in his position, from filing a meritorious request for a trial de novo. We were also concerned that the district court ought to have legitimate grounds upon which to base its award of attorney fees and that it articulate such grounds in its findings of fact since the initial amended judgment revealed no basis for the award.

On remand, after the parties submitted briefs and the district court held a hearing, the district court again awarded Zhou $10,000 in attorney fees. NAR 20(B)(1) entitles the prevailing party to recover fees as permitted by statute. NRS 18.010(2)(a) permitted the district court to award attorney fees to Zhou as a prevailing party who recovered less than $20,000. In its order, the district court concluded that, while it recognized that the jury awarded Zhou less than the arbitrator's award, Zhou was nevertheless the prevailing party. The court considered that Scott, prior to the trial de novo, had made an offer of judgment for $2,501. At trial, Zhou had recovered $4,215, which was substantially more than Scott's offer. Zhou had requested $15,000 in attorney fees, but the court rejected that request and awarded $10,000. The court considered that Zhou's case was handled on a contingency fee basis; Zhou's attorney normally charges $200 per hour for non-contingent fee matters, which the district court found to be reasonable. The court further considered that Zhou's counsel estimated that he had expended 75 hours from preparation through the jury trial, which the district court also concluded was reasonable, considering the nature of the case and the difficulties associated with Zhou's inability to speak English. The district court explicitly stated its reasoning for Zhou's attorney fee award and specifically considered the fact that Scott had succeeded in reducing his liability at trial. The district court additionally considered Scott's meager offer of judgment, which Zhou rejected, in awarding attorney fees to Zhou. This consideration was a matter entirely within the court's sound discretion. Therefore, we affirm the attorney fees order.

BECKER and GIBBONS, JJ., concur.

---

[3]*Id.*