OPINION

Per Curiam:

In this appeal, we address the residency requirements for district court judicial candidates and, in particular, whether a candidate for district judge must reside within the judicial district in which he or she is seeking office. Because district judges are recognized as “state officers” under NRS 293.109, we conclude that a candidate who satisfies NRS 3.060’s mandate that a district court judicial candidate must be a Nevada state resident for at least two years preceding the election is eligible for election within any judicial district within the state under NRS 293.1755(l)’s “state” residency requirement. Accordingly, here, the district court properly denied the challenge to respondent’s candidacy because respondent met the statutory residency requirements for a judicial district court candidate.

FACTS AND PROCEDURAL BACKGROUND

Respondent Michael R. Montero filed a declaration of candidacy with the Secretary of State for the office of district judge in the Sixth Judicial District Court (Humboldt, Lander, and Pershing counties), Department 2. In his declaration of candidacy, Montero stated that he resides in Reno, Nevada, which is located in Washoe County.
Subsequently, a Humboldt County citizen filed a written challenge with the Secretary of State’s office, contesting Montero’s qualifications to run for the district judgeship based solely on his residency outside of the Sixth Judicial District. Thereafter, the challenge was transmitted to appellant, the Nevada Attorney General, who petitioned the district court for an order to show cause regarding the validity of Montero’s candidacy. In the petition, the Attorney General argued that Montero was prohibited from running for district judge in the Sixth Judicial District because he never resided in that judicial district. The Attorney General argued that NRS 293.1755(1) establishes the requirement that a candidate reside in the judicial district for which he or she seeks election as district court judge. NRS 293.1755 requires a candidate for any office to reside for at least 30 days prior to filing for candidacy “in the State, district, county, township or other area prescribed by law to which the office pertains ...” The Attorney General argued that the district judge position pertains to specific judicial districts, *575 and therefore, Montero was required to reside in the district of the district court judicial position for which he sought election.[1]
In response, Montero argued that neither the Nevada Constitution nor any statute or caselaw required a candidate for district judge to be a resident of the judicial district for which he seeks candidacy. Instead, he asserted that NRS 293.1755(1) operated as a “catch-all” residency provision applying to every candidate and it did not specify where residence was required for any specific office. Montero argued that the residency requirement in NRS 293.1755, as applied to district court judges, set forth a state residency requirement as opposed to the district residency requirement asserted by the Attorney General. Montero noted that NRS 3.060, which sets forth the necessary qualifications for a district judge, did not include a district residency requirement and that district judges enjoyed statewide jurisdiction. Thus, Montero argued because he was a Nevada resident he had fulfilled NRS 293.1755(l)’s state residency requirement.
In reply to Montero’s contentions, the Attorney General agreed that nothing in the Nevada Constitution imposed a residency requirement for the office of district judge. The Attorney General also agreed that NRS 3.060 set forth the necessary qualifications for district judge. Nonetheless, the Attorney General maintained that because NRS 293.1755(1) imposed a residency requirement “[i]n addition to any other requirement,” a district judge candidate had to “reside[ ] in the . . . district ... to which the office pertains.” With respect to Montero’s assertion that district judges enjoyed statewide jurisdiction, the Attorney General argued that the jurisdiction of district judges was limited because the Nevada Supreme Court takes various steps before a judge in one district can hear a matter in another district.
After a hearing, the district court entered a written order denying the Attorney General’s show cause petition and directing the Secretary of State to place Montero on the primary election ballot as a candidate for district judge in the Sixth Judicial District. The district court determined that there was no constitutional or statutory requirement that Montero, or any other candidate for district judge, maintain his physical residence within the judicial district in which he was seeking office. The court reasoned that for residency purposes under NRS 293.1755(1), the office of district judge was a “state” office, requiring only residency in Nevada because (1) NRS 293.109(12) designated a district judge as a “state officer,” (2) the jurisdiction of district judges in Nevada was statewide under NRS 3.220, and (3) the Chief Justice of the Nevada Supreme Court may assign one judicial district court judge to conduct business in another district court under NRS 3.040(2).
*576 The Attorney General has appealed the district court’s order arguing that NRS 293.1755(1) unambiguously requires that district court judicial candidates reside in the district in which they are seeking office. The Attorney General further argues that several constitutional and statutory provisions, as well as decisional law, support the inference that the office of district court judge pertains to particular districts under NRS 293.1755(1).

DISCUSSION

We review issues of statutory construction de novo.[2] It is well established that when “ ‘the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.’ ”[3] When a statute is ambiguous, however, meaning that it “is capable of being understood in two or more senses by reasonably informed persons,”[4] the meaning of the statute’s words ‘ ‘may be determined by examining the context and the spirit of the law or the causes which induced the legislature to enact it.’ ’[5]
NRS 293.1755(1) requires candidates for all offices to reside in the area to which the office pertains:
In addition to any other requirement provided by law, no person may be a candidate for any office unless, for at least the 30 days immediately preceding the date of the close of filing of declarations of candidacy or acceptances of candidacy for the office which he seeks, he has, in accordance with NRS 281.050, actually, as opposed to constructively, resided in the State, district, county, township or other area prescribed by law to which the office pertains and, if elected, over which he will have jurisdiction or which he will represent.
Under this statute, then, a candidate must reside “in the State, district, county, township or other area prescribed by law” pertaining to the office and its jurisdictional or representational obligations.
We conclude that NRS 293.1755(1) imposes a state residency requirement for district judges, and we reject the opposing view that the statute establishes a district residency requirement. Nevada *577 law provides that district judges are “state officers”[6] who enjoy statewide jurisdiction.[7] Accordingly, it follows that the office of a district judge is a “state office.”[8] Because the district judge position is a “state office,” we conclude that Montero has met NRS 293.1755(l)’s residency requirement for his candidacy because (1) Montero resides in the State of Nevada, to which the office of a Sixth Judicial District Judge “pertains”; and (2) if elected, he will have jurisdiction to hear cases in other judicial districts, as well as in the Sixth Judicial District.[9]
Our interpretation of NRS 293.1755 comports with other Nevada statutes governing residency requirements. In particular, when a candidate for state office is required to reside in a particular district, the Legislature has specifically mandated such a requirement by statute. For example, in addition to defining district judges as state officers, NRS 293.109 defines state senators, state assembly members, and regents of the University of Nevada as state officers. But the statutes that describe the residency qualifications for these state officers all call for residency within the districts from which they are elected.[10] The residency qualification requirements for district judges outlined in NRS 3.060(l)(d), however, requires only that the candidate be “a bona fide resident of this State for 2 years next preceding the election or appoint *578 ment.” We thus conclude that if the Legislature intended to require district court judicial candidates to be residents of a particular district, it would have specifically imposed such a requirement in NRS 3.060. Instead, the Legislature specifically mandated only a two-year state residency requirement.[11]
Therefore, while we agree with the Attorney General that a district judge candidate still has to meet NRS 293.1755(l)’s residency requirement,[12] we conclude that Montero has met that residency requirement for district judge candidates because he has undisputedly resided within the State of Nevada for at least 30 days immediately preceding the closing date for filing his declaration of candidacy.[13] Accordingly, we conclude that Montero is eligible to run for district judge as he is “not excluded by some constitutional or legal disqualification.’ ’[14]
CONCLUSION
Because district judges are state officers under NRS 293.109 and Montero has resided within the State of Nevada for at least two years, as required under NRS 3.060, he has plainly met NRS 293.1755(l)’s 30-day “state” residency requirement for district court judicial candidates. Accordingly we affirm the district court’s order denying the Attorney General’s petition for an order to show cause.

 There is no dispute that Montero resided in Reno for at least 30 days immediately preceding the closing date for filing declarations of candidacy.

 State, Div. of Insurance v. State Farm, 116 Nev. 290, 293, 995 P.2d 482, 484 (2000).

 Id. at 293, 995 P.2d at 485 (quoting State v. Jepsen, 46 Nev. 193, 196, 209 P. 501, 502 (1922)).

 McKay v. Bd. of Supervisors, 102 Nev. 644, 649, 730 P.2d 438, 442 (1986).

 Id. at 650-51, 730 P.2d at 443.

 NRS 293.109(12).

 NRS 3.220 (“The district judges shall possess equal coextensive and concurrent jurisdiction and power. They each shall have power to hold court in any county of this State.”); see also NRS 3.040(2) (recognizing that the Chief Justice of the Nevada Supreme Court may assign a district judge from one judicial district to another in certain circumstances).

 Indeed, several provisions in the Nevada Revised Statutes refer to “state office” in the title and mention “state officer” in the text when explaining the provision. See, e.g., NRS 281.110; NRS 283.060; NRS 283.110; see also Coast Hotels v. State, Labor Comm’n, 117 Nev. 835, 841-42, 34 P.3d 546, 551 (2001) (“The title of a statute may be considered in determining legislative intent.”).

 The Attorney General argues that although NRS 3.220 provides that judges “shall possess equal coextensive and concurrent jurisdiction and power,” their power is limited and extends only to the district’s geographic area. But the same statute specifically grants district judges “power to hold court in any county of this State.” NRS 3.220.
For the first time in her reply brief, the Attorney General cites to NRS 13.010 through 13.060 — which govern where actions may be commenced and other venue issues — in support of her claim that district judges do not enjoy statewide jurisdiction. Because the Attorney General relies on these statutes for the first time in her reply brief, we need not address these statutes in resolving this appeal. Cf. Phillips v. Mercer, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978) (providing that an issue raised for the first time in the reply brief need not be considered on appeal).

 NRS 218.055(3) (“Each Senator and Assemblyman must be elected from within the district wherein he resides by the registered voters residing in that district.”); NRS 396.040(3) (“Each member of the Board of Regents must be a resident of the district from which he is elected.”).

 We reject the Attorney General’s contention that NRS 293.193, which governs filing fees for candidates, and NRS 293.185, which outlines where candidates must file their declarations of candidacy, support the inference that the office of district judge “pertains” to a district under NRS 293.1755. Any potential ambiguity as to whether NRS 293.1755 has a state or district residency requirement is clarified by the classification of a district judge as a state officer under NRS 293.109, and the two-year state residency requirement for district judges under NRS 3.060. Mandating a district residency requirement would be contrary to the “spirit of the law,” which reveals only a requirement that a district court judicial candidate reside in the state of Nevada for two years preceding the election. See McKay v. Bd. of Supervisors, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986).

 See NRS 293.1755(1) (providing in relevant part, an imposition of a residency requirement “[i]n addition to any other requirement”).

 The essence of the Attorney General’s appeal is whether Montero has met the NRS 293.1755(1)’s residency requirement for district judge candidates. Nonetheless, there was nothing presented in the Attorney General’s briefs or during oral argument to suggest that Montero has not been a resident of Nevada for at least two years preceding the upcoming election, as required under NRS 3.060.

 Schur Ex Rel. v. Payne, 57 Nev. 286, 291, 63 P.2d 921, 922 (1937).