# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FAIRWAY CHEVROLET COMPANY, A NEVADA CORPORATION, Appellant, vs. ALLEN KELLEY, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED, Respondent. | No. 72444 <br><br> **FILED** <br><br> NOV 09 2018 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment, permanent injunction, and order awarding attorney fees in a consumer fraud action.[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

NRS 41.600(1) provides that "[a]n action may be brought by any person who is a *victim* of consumer fraud." (Emphasis added.) The undisputed facts of this case demonstrate that respondent was not a "victim" of consumer fraud under any sensible definition of that term, as the definition of "victim" connotes some sort of harm being inflicted on the "victim." *See, e.g., Victim,* Black's Law Dictionary (10th ed. 2014) (defining "victim" as "[a] person harmed by a crime, tort, or other wrong"); *Merriam-Webster's Collegiate Dictionary* 1394 (11th ed. 2007) (defining "victim" as "one that is injured, destroyed, or sacrificed under any of various conditions" and "one that is tricked or duped").

Because respondent knew he would not and could not (and more importantly, did not) suffer any harm at the hands of appellant, he was not a "victim" authorized to bring a consumer fraud action under NRS 41.600.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-903606

*Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003) ("When the words of the statute have a definite and ordinary meaning, this court will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended." (internal quotation marks and footnotes omitted)).[2] Accordingly, the district court erred in denying appellant's motion for summary judgment.[3] It necessarily follows that the ensuing challenged orders must be reversed. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

---

[2]Because NRS 41.600(1) is unambiguous, we need not resort to legislative history. *See McKay v. Bd. of Supervisors of Carson City*, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) ("Where a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent.").

[3]This order should not be construed as condoning appellant's advertisement.

cc: Hon. Kenneth C. Cory, District Judge
Michael H. Singer, Settlement Judge
Jolley Urga Wirth Woodbury & Little
Law Offices of Craig B. Friedberg
Law Offices of George O. West III
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A